319 So.2d 892 (1975)
Ben V. BRADFORD, Plaintiff-Appellee,
v.
BREWTON BUTANE COMPANY, INC., et al., Defendants-Appellants.
No. 5148.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1975.
*894 Gold, Hall, Hammill & Little, by John F. Simon, Alexandria, for defendants-appellants.
Reeves, Lossin & Owens, by Jack F. Owens, Jr., Harrisonburg, for plaintiff-appellee.
Before HOOD, CULPEPPER, and MILLER, JJ.
MILLER, Judge.
Defendants Brewton Butane Company, Inc., its employees Johnny Evans and Vernon Evans, and their insurer Pan American Fire & Casualty Company appeal the judgment awarding $5,728.41 to plaintiff Ben V. Bradford for personal injuries. Defendant Pan American also appeals the judgment rejecting its reconventional demand against Ben V. Bradford for injuries suffered by the Books who assigned their claim against Bradford to Pan American. Bradford answered the appeal seeking an increase in the award. We affirm.
As part of his gasoline station, bait stand, ice plant, and grocery business, Bradford operated an L.P. Gas bottle filling station. He had a 1000 gallon storage tank together with a pump and hose apparatus through which low pressure gas was transferred to small cylinders (bottles) brought in by customers. The plant is owned and maintained by defendant Brewton.
At an undetermined time, but within a year preceding the accident, the toggle switch on the electric pump broke. Bradford called Brewton's supervisor to report the difficulty and was told they would take care of the problem. Brewton sent its licensed electrician Johnny Evans to replace the switch with a new type push button switch. They did not have a vapor proof coverplate but ordered one. Somehow the coverplate was forgotten and never installed. Brewton's supervisor and employees knew this created a dangerous situation but did not inform Bradford of the danger.
Bradford learned by telephone from Brewton's supervisor that the switch had been repaired and the system was ready for operation. He used the repaired system for a substantial period of time before this accident.
On October 8, 1973 Mr. and Mrs. Book brought a five gallon butane bottle to be filled. After determining when the bottle was full by watching the gas escaping from the overflow vent Bradford touched the off button to turn off the pump. When he touched the off button, the accumulated vapor exploded. Both parties argue the accumulated vapor was ignited by a spark from the faulty switch located on the electric pump which was itself at ground level.
Bradford suffered second degree burns over his arms and face; Mr. Book suffered a slight burn on the top of one foot; and Mrs. Book was injured while running from the scene. Pan American settled with the Books and took an assignment of their claims against Bradford.
The trial judge's finding that Johnny Evans was negligent in leaving the switch in a dangerous condition without informing Bradford is not contested. Likewise, defendants do not contest imputation of that negligence to Brewton and by contract to Pan American.
Defendant Vernon Evans contends he should not be cast in judgmentthat he did not take part in making the repairs.
*895 There is contradicted evidence to support his contention. However, it is uncontested that Vernon and Johnny discussed the dangerous defect and Vernon did not inform Bradford even though he knew of the defect and danger. Tr. 128, 138. Appellants failed to establish manifest error in the trial court's ruling that Vernon Evans' negligence was a legal cause of this accident.
The trial court's rejection of defendants' claim that Bradford was negligent is the main issue presented by this appeal. Defendants contend Bradford's contributory negligence bars his recovery, and Pan American presses its assigned claim against Bradford (for damages Pan American paid to the Books) based on Bradford's alleged negligence.
The parties agree the issue turns on whether Bradford knew or should have known at the time of the accident that the new electric switch presented a dangerous condition. Bradford had been in the low pressure gas business for some twenty years and knew gas accumulated in low areas. He knew a spark would cause an explosion and that switches used on this electric pump (which was located near the ground) should not give off sparks.
Defendants introduced the pump and switch in evidence together with numerous photographs. They point to the ready visibility of the bolts and empty spaces surrounding the push buttons indicating absence of a coverplate, and contend it is obvious the switch was not vapor proof.
Bradford acknowledged he was aware that Brewton had changed the switch from a toggle to a push button switch. The precise issue is whether a man of Bradford's background and training should have realized the push button switch needed a special vapor guard. Should he have known the absence of a coverplate for the push button switch (which was new to him) presented a dangerous condition. In making this determination, it must be remembered Brewton was the expert in the business and its employees, licensed electricians, made the installation in Bradford's absence and without advising the condition was dangerous. Bradford justifiably relied on Brewton's supervisor's statement the switch had been repaired.
The trial court held Bradford did not have "such knowledge of this particular defect as would make him contributorily negligent . . . ." Testimony of defendant Johnny Evans supports this finding. He testified both push button and lever switches are employed in the business. There is nothing to suggest Bradford should have known the new push button type switch required a special coverplate. Brewton's employees did not explain this fact although they possessed that knowledge. There is nothing to suggest the switch presented a problem during the several months Brewton negligently permitted Bradford to use it to sell Brewton's L.P. Gas. Neither is there evidence to suggest Bradford had a duty to get an electrician to inspect Brewton's electrical installation. Bradford does not have training as an electrician. Appellants again failed to establish manifest error in the trial court's factual determination.
Defendants also contend Bradford was negligent in not filling the bottle by weight rather than depending on the vent to determine when the container was full. Scales are required by rules of the L.P. Gas Commission. Considering the context of the rule regarding filling by weight which applies to bottles, rules governing the thickness and strength of cylinder walls and requiring safety release valves and the like, the danger contemplated by these rules is the failure of cylinders due to over filling which might cause the container to burst or leak. Violation of the rule would be negligence per se if the harm intended to be prevented had occurred. Wright v. Travelers Insurance Company, 288 So.2d 374 (La.App. 4 Cir. 1974). Here it is only a factor to be considered.
*896 The record establishes it is common practice in the industry for dealers to watch the vent tube rather than scales to determine when the bottle is filled. State inspectors of these systems never attempted to prevent dealers from using bleeder valves to assist in determining when five gallon bottles were filled. While this would not excuse a violation of the rules requiring scales, this is a factor to consider in determining the meaning of the rule.
Although the issue of Bradford's negligence is a close question which might well have gone the other way, there is no manifest error in the trial judge's finding Bradford free from negligence.
On the issue of quantum, defendants object to the admission of Bradford's $728.41 in medical bills after evidence was closed. LSA-C.C.P. arts. 1631 and 1632 give discretion to the trial judge to control the order of trial and procedure in the interest of justice. This is particularly true where the omission is inadvertent and there is no showing of prejudice to the opposing party. Here defendants had an opportunity to contest the bills at the hearing on the rule.
It is within the sound discretion of the court to allow testimony after both parties have closed their cases. LSA-C.C. P. art. 1632. Official Revision Comments (b). Defendants have not shown an abuse of that discretion.
Our review of the $5,000 awarded in damages for Bradford's personal injuries is limited. That such evidence might also support a greater or smaller award will not justify a change. Bitoun v. Landry, 302 So.2d 278 (La.1974). Cases cited by the parties show greater and lesser awards for similar injuries, but no principle requiring a change in this award.
The judgment is affirmed at appellant's costs.
Affirmed.