361 So.2d 476 (1978)
Joseph Francis VITARI, Jr.
v.
Samuel LEWIS, Jr. and Allstate Insurance Company.
No. 9339.
Court of Appeal of Louisiana, Fourth Circuit.
July 26, 1978.
*477 Steven R. Plotkin, New Orleans, Martin L. Broussard, Jr., Metairie, for plaintiff-appellee.
Porteous, Toledano, Hainkel & Johnson, E. Ross Buckley, Jr., New Orleans, for defendant-appellant, Allstate Insurance Co.
Before GULOTTA, STOULIG and BEER, JJ.
GULOTTA, Judge.
Plaintiff, injured in a "head-on" collision on April 24, 1976, on Lakeshore Drive in the City of New Orleans, was granted a $2,000.00 jury award.
The suit was directed against plaintiff's insurer under the uninsured motorist provision and against the driver of the offending vehicle. A preliminary default was entered against the driver and the matter proceeded to trial against the insurer.
At trial, after plaintiff and his treating physician's testimony were heard and the police report of the accident was stipulated into evidence, plaintiff rested his case. Defendant thereupon moved for a directed verdict (in accordance with LSA-C.C.P. art. 1810 enacted in 1977)[1] on the grounds that plaintiff had failed: 1) to show insurance coverage; 2) to establish the uninsured status of the tortfeasor; and 3) to prove negligence on the part of the other driver. Following *478 the filing of this motion, plaintiff sought leave to reopen the matter to testify regarding his own uninsured motorist insurance coverage and to introduce into evidence an affidavit from the Casualty and Surety Division attesting to the fact that the defendant driver was uninsured at the time of the accident. The trial court permitted the case to be reopened; the affidavit was introduced; and plaintiff testified relative to his insurance coverage. The matter was then submitted to the jury resulting in a $2,000.00 award. Samuel Lewis, defendant driver, was not present and did not testify.
Defendant, appealing, claims the trial judge abused his discretion in allowing plaintiff to reopen the matter and erred in failing to grant defendant's motion for a directed verdict. Defendant complains also the trial judge erred when he gave a charge to the jury "that the testimony of the plaintiff and plaintiff's witnesses shall be taken as true unless the defendant is able to rebut or contradict such testimony with other evidence". In this connection, the insurer argues the police report indicating defective steering on the Lewis vehicle and plaintiff's testimony that Lewis told him of the defect constitute "unrefuted evidence that the accident was caused as a result of mechanical failure" and not negligence on the part of the defendant driver. Finally, defendant claims the award is excessive.
The rule is well established that a decision by the trial judge to reopen a matter for introduction of further evidence after the parties have rested is within the sound discretion of that judge. See LSA-C.C.P. arts. 1631, 1632; Poche v. Frazier, 232 So.2d 851 (La.App. 4th Cir. 1970); Bradford v. Brewton Butane Company, Inc., 319 So.2d 892 (La.App. 3d Cir. 1975). In Dupre v. Hartford Accident & Indemnity Company, 200 So.2d 753 (La.App. 3d Cir. 1967), cited by plaintiff, reopening for the introduction of evidence of the tortfeasor's lack of insurance coverage was held not to be an abuse of discretion. In the instant case, it is clear that plaintiff, at the time of trial, had possession of the affidavit of the defendant driver's non-insured status but inadvertently failed to introduce it and to testify regarding his own uninsured motorist coverage. The trial judge, in permitting the matter to be reopened, stated that he was exercising his discretion "in order to do justice and equity in the matter". The circumstances considered, we cannot say the action of the trial judge is an abuse of discretion.
On the question of the evidence relating to Lewis's negligence, our examination of the record leads us to conclude that a prima facie case was made out by plaintiff by his uncontradicted testimony that the Lewis vehicle violated plaintiff's lane of travel and struck plaintiff's vehicle head on in plaintiff's lane of the two-way street. Plaintiff's testimony was:
"* * * He wasn't going too fast, maybe twenty miles an hour and when he got within twenty yards or so of me I saw him swing over into my lane and I put on my brakes and when I saw him coming straight to me I blew my horn and I believe even stopped. He just plowed right into my front and I was far over. I couldn't jump the curb because I was right up against it."
Also supportive of plaintiff's claim of Lewis's negligence is the police report (stipulated into evidence) which indicates the headon collision occurred in plaintiff's lane of travel.
When, as in the instant case, prima facie evidence establishes that the offending driver violated plaintiff's lane of travel, it becomes defendant's burden to exculpate himself from any fault, however slight, contributing to the collision. See Simon v. Ford Motor Company, on rehearing, 282 So.2d 126 (La.1973); Johnigan v. State Farm Mutual Automobile Insurance Company, 345 So.2d 1277 (La.App. 3d Cir. 1977). It is also clear that a defendant relying on a latent defect in his vehicle to exculpate himself must produce more evidence than his own uncorroborated testimony. Simon v. Ford Motor Company, supra. In the instant case, the only evidence of the steering failure is the notation in the police *479 report of Lewis's uncorroborated statement to the police officer. Under the circumstances, we find no error in the charge complained of by defendant which was given as follows:
"I charge you that once a plaintiff has presented a prima facie case it is up to the defendant to rebut the witnesses' evidence as presented if they can.
"Practically this means that the testimony of the plaintiff and plaintiff's witnesses shall be taken as true unless the defendant is able to rebut or contradict such testimony with other evidence."
In addition, we point out that no specific objection was made by defendant to the charge. In Caldwell v. Parker, 340 So.2d 695 (La.App. 4th Cir. 1976), writ denied, 342 So.2d 1120 (La.1977), we held that where no specific objection was made to a charge at the time the charge was given, a complaint on appeal has been waived. A blanket objection such as:
"I will object to all of the charges that were given."
as made by defendant in this case will not suffice. See LSA-C.C.P. art. 1793.
Although no medical bills were offered into evidence, plaintiff testified that he suffered shoulder, leg and knee injuries for approximately a three-week period. In addition, he stated that he had been emotionally upset and aggravated as a result of the accident. It is true, as pointed out by the internist who testified, that a subsequent heart attack which occurred approximately one month after the accident, was not accident-related. Although we deem the $2,000.00 jury award to be generous, we cannot say the award is an abuse of the jury's discretion. The judgment is affirmed.
AFFIRMED.
NOTES
[1] LSA-C.C.P. art. 1810 provides:

Art. 1810. Directed verdicts
"A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not been made. A motion for a directed verdict which is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts. A motion for a directed verdict shall state the specific grounds therefor. The order of the court granting a motion for a directed verdict is effective without any assent of the jury."