386 So.2d 926 (1980)
CALCASIEU MARINE NATIONAL BANK OF LAKE CHARLES, Plaintiff and Appellee,
v.
GREENE'S MARINE PRODUCTS, INC., and D. C. Greene, Defendants and Appellants.
No. 7457.
Court of Appeal of Louisiana, Third Circuit.
May 21, 1980.
Writ Refused September 12, 1980.
Charles L. Bull, Jr., Welsh, for defendants-appellants.
Marcantel & Marcantel, Bernard N. Marcantel, Jennings, for plaintiff-appellee.
Camp, Carmouche, Palmer, Barsh & Hunter, J. A. Delafield, Lake Charles, for defendant-appellee.
Before CULPEPPER, GUIDRY and DOUCET, JJ.
DOUCET, Judge.
This is a companion case consolidated for trial and appeal with Numbers 7455, Bowers v. Greene, 386 So.2d 920, and 7456, Bowers v. Greene's Marine Products, Inc., 386 So.2d 925, on the docket of this Court. Separate opinions in each case are being rendered on this day.
The Calcasieu Marine National Bank of Lake Charles brought this suit to collect on *927 a promissory note in the amount of $23,510.41, which was executed in its favor by defendant, Greene's Marine Products, Inc., and endorsed by defendant, D. C. Greene. The note was executed on July 20, 1977 and came due 90 days after that date. Both defendants defaulted at maturity, and the bank brought this suit in rem, seizing under a writ of attachment movable property owned by the nonresident defendants. The property which was seized was already under a prior attachment issued in the companion case of Bowers v. Greene, our docket No. 7455. Curt E. Bowers and Carl B. Smith intervened, also seeking recovery on the note, which they alleged to have been assigned to them after the suit was filed.
Defendants answered and reconvened against both the plaintiff bank and the intervenors, seeking damages for the allegedly wrongful attachment of their property. They later amended their reconventional demand, seeking restitution of $2,311.60, which they alleged to have been wrongfully withdrawn from their account with the bank, plus damages for the wrongful withdrawal.
At the trial, an act of assignment was introduced into evidence. After all of the parties had presented their evidence and rested, the bank moved to dismiss its attachment as well as its demand for payment on the note, acknowledging that the note had been assigned to the intervenors. The trial court granted the dismissal, and at that point, defendants pointed out that there were some irregularities between the note and the act of assignment and prayed for dismissal of the intervenor's demand. The intervenor's moved to re-open the case, and the trial judge did so, allowing them to introduce into evidence a corrected act of assignment, as well as the testimony of James E. Benoit, a vice-president of the plaintiff bank. Mr. Benoit testified that the first act of assignment contained clerical errors and that the bank had fully intended to assign the note to the intervenors.
Judgment was rendered in favor of the intervenors and against the defendants in solido in the sum of $23,510.41, plus interest and attorney's fees as provided for in the note. Defendants' reconventional demand was dismissed. From that judgment, defendants appeal. We affirm.
On appeal, defendants argue that the trial judge abused his discretion by re-opening the case and allowing additional evidence to be introduced. We disagree. It is well-settled that the decision to re-open a case for the production of additional evidence rests within the sound discretion of the trial judge. See Comment (b) under LSA-C.C.P. Art. 1632; Vitari v. Lewis, 361 So.2d 476 (La.App. 4th Cir. 1978), and the authorities cited therein.
The only other issue raised by defendants with regard to the intervenor's demand for recovery on the note concerns the liability of Greene's Marine Products, Inc. D. C. Greene signed the note as the corporation's representative, and defendants contend that the intervenors had the burden of proving that Greene had authority to bind the corporation. They argue that since the intervenors failed to produce such proof, they should not have been allowed to recover against the corporation. That argument is also without merit, since defendants did not specifically deny the effectiveness of Greene's signature in their answer. LSA-R.S. 10:3-307 provides:
"§ 3-307. Burden of establishing signatures, defenses and due course
(1) Unless specifically denied in the pleadings each signature on an instrument is admitted. When the effectiveness of a signature is put in issue
(a) the burden of establishing it is on the party claiming under the signature, but
(b) the signature is presumed to be genuine or authorized except where the action is to enforce the obligation of a purported signer who has died or become incompetent before proof is required.
(2) When signatures are admitted or established, production of the instrument entitles a holder to recover on its unless the defendant establishes a defense.

*928 (3) After it is shown that a defense exists a person claiming the rights of a holder in due course has the burden of establishing that he or some person under whom he claims is in all respects a holder in due course."
Under paragraph (1) of that provision, the signatures on the note were admitted when defendants failed to deny them in their pleadings. Therefore, under paragraph (2) defendants had the burden of proving the defense of Greene's lack of authority, since the intervenors are unquestionably holders of the note. We find no evidence in the record to support such a defense. Accordingly, we conclude that the trial court properly granted recovery against both defendants.
Turning to the dismissal of defendants' reconventional demand, we find that they have advanced numerous arguments in support of their contention that the attachment of their property by the bank was improper. The trial judge pretermitted consideration of those arguments, finding that defendants had failed to prove any damages as a result of that attachment. As we noted earlier, the property that was attached by the bank was already under a prior attachment in the companion case of Bowers v. Greene, supra. We have affirmed the trial court's finding that the attachment in that case was valid, rejecting defendants' demand for damages resulting from it. We find nothing in the record to show that defendants' losses were in any way increased by the second attachment. Therefore, we find no error in the trial court's dismissal of their claim.
The only remaining issue is defendants' demand for restitution of the funds withdrawn from their account with the plaintiff bank, plus damages for the allegedly wrongful withdrawal. The testimony concerning the circumstances surrounding the withdrawal was conflicting. The money was withdrawn by Curt E. Bowers, an employee of the bank. Bowers testified that D. C. Greene had verbally authorized him to withdraw the funds to pay a contractor for putting a concrete floor in a building, which he had leased to defendants. He also testified that on a prior occasion Greene had given him verbal authorization to withdraw funds to pay for the rental of a post office box. Greene admitted authorizing Bowers to pay for the post office box but denied that he had ever given him authority to withdraw funds to pay the contractor.
Greene's testimony was heard only as an offer of proof. It was excluded by the trial judge because of defendants' failure to comply with a pre-trial order and Greene's failure to appear at a deposition scheduled by his attorney. Defendants argue that the trial judge erred in excluding and refusing to consider Greene's testimony. That issue was also raised in both of the companion cases. It was fully discussed in our opinion in Bowers v. Greene, supra, and we see no need for repeating that discussion here. For the reasons assigned in that case, we find no error in the trial court's finding that the withdrawal was authorized, which he based on Bowers' testimony.
For the above and foregoing reasons, the judgment appealed by defendants is affirmed. All costs of this appeal are taxed to the defendants.
AFFIRMED.