KNOLL, Judge.
This is an expropriation case in which the Louisiana Department of Transportation and Development (State) expropriated the bulk fuel facility owned by Albert J. Latio-lais and his wife, Lizzie H. Latiolais, in the city of Lafayette. The trial court determined that the Latiolaises were entitled to just compensation in the amount of $347;-556, less the sum of $219,352 previously deposited by the State; in addition, it awarded attorney’s fees of $32,051, plus legal interest until paid.
The Latiolaises appeal, contending that the trial court’s award is insufficient to allow them to reopen their business within the city of Lafayette. They argue that the trial court erred: (1) in not accepting their experts’ estimates of the replacement costs of a facility located within the city limits of Lafayette; and, (2) in failing to consider a comparable expropriation award of $1,340,-309 made by the State to Lantier Oil Company, a neighboring expropriated fuel oil facility; this comparable award was presented to the trial court in a motion to reopen the evidence filed by the Latiolaises after trial, but while the trial court had the case under advisement. Finding merit to the Latiolaises’ argument concerning the trial court’s failure to reopen the evidence, we reverse the case and remand the matter for further proceedings.
FACTS
The State filed this suit against the La-tiolaises, seeking expropriation of property used by them as a bulk fuel facility in the Lafayette city limits. When the State filed the petition, it deposited $219,352 as just compensation, and expropriated the property pursuant to the quick-taking statute. *1011 The Latiolaises reconvened, seeking $1,186,326.80 as just compensation, together with legal interest, costs, and 25% attorney’s fees.
The land expropriated by the State was the Latiolaises’ bulk fuel facility used in connection with their Mobil Oil distributorship. The Latiolaises had operated this business on the property since 1976. The Latiolaises’ facility consisted of above-ground fuel storage tanks, with some buried tanks, an office, and a warehouse for the storage of petroleum products. Mobil Oil delivered petroleum products to the La-tiolaises’ facility. In turn, the Latiolaises then distributed the products to various Mobil Oil service stations located in Lafayette and neighboring towns.
The trial court concluded initially that even though all of the Latiolaises’ property was not expropriated, the remaining property was not suitable for the continued operation of their business. Accordingly, the trial court narrowed the issue before it to the determination of the cost of a replacement facility without regard for depreciation.
Various experts and appraisers testified on both sides regarding the cost of a replacement facility. In addition, the trial court appointed its own expert to give supplemental assistance in the determination of costs for reconstruction of the warehouse. All State experts testified about the cost of relocating the Latiolaises outside Lafayette’s corporate limits since they determined that there was a municipal ordinance which prohibited the construction of new bulk fuel facilities within Lafayette’s city limits. Their estimates were $276,810 and $324,500. On the other hand, all of the Latiolaises’ experts based their cost estimated on the relocation of the Latiolaises’ business within the corporate limits of the city. Considering the increased costs of providing certain fire safety and environmental protection devices for the facility if located in the city limits, these estimates were $756,255 and $800,689.
Trial on the merits of the Latiolais case took place between May 27, 1987, and May 29, 1987; afterwards, the trial court took the matter under advisement. On September 17, 1987, while the case was still under advisement, the Latiolaises moved the trial court to reopen the record to admit additional evidence. This evidence included a $1,340,309 settlement between Lantier Oil Company and the State in an expropriation involving the same construction project which occurred after the Latiolaises’ trial; the judgment acknowledging the settlement between Lantier Oil and the State was dated September 9, 1987. Lantier Oil Company was a business similar to the Latiolaises’ and located in the near vicinity of the Latiolaises’ business. The Latiolais-es intended to use the $1,340,309 settlement with Lantier Oil as evidence of comparable just compensation. After hearing oral argument, the trial court denied the Latiolaises’ motion.
On June 12, 1991, almost four years after trial on the merits, the trial court rendered final judgment, awarding the Latio-laises $347,556, less the $219,352 previously deposited, together with costs and 25% attorney’s fees. Even though the trial court did not specify in its written reasons for judgment that the Latiolaises could not relocate their facility within the Lafayette city limits, it is clear from the amount of compensation awarded that the trial court basically relied upon the estimates proposed by the State’s experts.
On June 19, 1991, the Latiolaises timely moved for a new trial, raising the same arguments advanced on their motion to reopen the evidence. The trial court summarily denied the motion.
MOTION TO REOPEN THE CASE
The Latiolaises contend that the trial court erred in failing to consider the Lantier Oil settlement as evidence of comparable just compensation which materialized while their case was under advisement.
In an expropriation case, the vital issue before the trial court is that of just compensation. A comparable sale is a recent sale of a similar tract of land in the same vicinity of the land to be valued; a comparable sale is the best evidence of *1012 market value. State, Dept. of Hwys. v. Covington Interstate, Inc., 295 So.2d 828 (La.App. 1st Cir.1974), writ denied, 299 So.2d 801 (La.1974).
Prior judicial decisions of the value of expropriated property are good evidence of the value of similar property in subsequent expropriation proceedings. State, Through Dept. of Highways v. Brannon, 348 So.2d 1301 (La.App. 3rd Cir.1977) and cases cited therein. Judge Stoker, speaking for the court, elaborated on this holding as follows: “Such decisions are not controlling but may be considered along with other competent evidence adduced.” Id. at 1306.
It is well established that the decision to reopen a case after all parties have rested for the production of additional evidence is one within the sound discretion of the trial court and will not be disturbed on appeal unless manifestly erroneous. Poche v. Frazier, 232 So.2d 851 (La.App. 4th Cir.1970); Dubea v. State, Through La. Dept. of Corr., 465 So.2d 245 (La.App. 3rd Cir.1985); Thibodeaux v. Imperial Lloyds Ins. Co., 556 So.2d 1013 (La.App. 3rd Cir.1990).
The objective of our judicial system is to render justice between the litigants based upon the merits of the controversy. See, Harrison v. South Central Bell Tel. Co., 390 So.2d 219 (La.App. 3rd Cir.1980), writ denied, 396 So.2d 900 (La.1981). Nevertheless, the trial court should permit litigants to place before it all facts bearing on the relevant issues before it. See, Succession of Robinson, 186 La. 389, 172 So. 429 (1936).
Commenting on the standard of review in a case in which the trial court decided not to reopen the case for the introduction of additional evidence, the Second Circuit stated in Regional Agr. Credit Corp. v. Elston, Prince & McDade, 183 So. 91, 96 (La.App. 2nd Cir.1938):
“The ruling of the court in not allowing the motion [to reopen] was arbitrary ... To allow the motion and admit the evidence would not have caused any delay. The case had not been decided at the time and the evidence offered in the motion, if necessary to a just decision in the case, under defendant’s contention, should have been allowed.”
In the case sub judice, the record shows that the Lantier Oil settlement occurred approximately four months following the Latiolaises’ trial. At the time the Latiolaises’ motion to reopen the case was filed, their case was under advisement and would remain in that posture for a long period thereafter. Accordingly, we find that the granting of the motion to reopen would not have delayed the adjudication of the Latiolaises’ case. Moreover, as stated during the Latiolaises’ case in chief by Gene Cope, one of their expert real estate appraisers:
“To begin with, this [the Latiolaises’ bulk fuel facility] is a rather unique type of property. There are not very many bulk plants traded in the open real estate market, so it’s very unusual to find the sale of a bulk plant.”
It is obvious that the new evidence of the Lantier Oil settlement was not cumulative, as the record provides no evidence of a similarly situated facility and its costs of relocation; the evidence would tend to change the results of the case, as the nexus between the settlement and the ultimate proposition to which it was directed, is certainly persuasive due to the similarity of conditions of the facilities; and, finally the evidence regarding Lantier Oil did not materialize until after the trial of the Latio-laises’ case. Based on the rationale of the cases cited hereinabove, we find that the trial court in the present case abused its discretion in not reopening the record to allow the introduction of evidence of the Lantier Oil settlement, especially in view of the great discrepancies of monetary awards between the two cases. Therefore we find that the availability of the evidence of the just compensation paid to Lantier Oil mandates that we remand this case to the trial court for consideration of this evidence.
In reaching this determination, we find that even though some of the pleadings and depositional testimony regarding the Lantier Oil settlement were attached to *1013 the motion to reopen the case, a remand is nonetheless required. As noted in the jurisprudence, it is questionable whether there is any such thing as a precisely comparable sale. State, Department of Highways v. Brannon, supra. Furthermore, comparable sales generally have to be adjusted after considering the numerous factors that affect value. See, Recreation & P. Com’n, Par. of E. Baton Rouge v. Loret, 263 So.2d 467 (La.App. 1st Cir.1972). Likewise, since the State has not had an opportunity to differentiate the present case from the Lantier Oil settlement, we further find it appropriate to remand this matter to the trial court for the taking of additional evidence relative to this question, and the ultimate resolution of the question of just compensation due the La-tiolaises.
Because of our treatment of this issue, we pretermit discussion of the other issues presented on appeal.
For the foregoing reasons, the judgment of the trial court is reversed and set aside. This matter is remanded to the trial court for the taking of additional evidence on the just compensation due the Latiolaises consistent with the statements made herein-above. Costs of this appeal are assessed to the State; costs of trial are to await final disposition of this matter in the trial court.
REVERSED AND REMANDED.