722 So.2d 36 (1998)
Anna Stallard PARKES, Plaintiff-Appellee-Appellant,
v.
PRIEN PINES NURSERY & PCA Solutions, Defendants-Appellants-Appellees.
No. 98-384.
Court of Appeal of Louisiana, Third Circuit.
November 4, 1998.
Writ Denied January 29, 1999.
*39 Oliver "Jackson" Schrumpf, Esq., Sulphur, for Anna Stallard Parkes.
Christopher Paul Ieyoub, Esq., Lake Charles, for Prien Pines Nursery, et al.
Before WOODARD, PETERS and GREMILLION, Judges.
WOODARD, Judge.
This is a workers' compensation case. The employer, Prien Pines Nursery (Prien Pines), and its insurer, PCA Solutions (PCA), appeal a decision awarding plaintiff, Anna Stallard Parkes (Parkes), reasonable and necessary medical expenses, temporary total disability benefits, permanent partial disability benefits, and penalties for failure to attend a mediation conference. Parkes answered the appeal, seeking an increase of the temporary total disability benefit award, an award of supplemental earnings benefits (SEB), and penalties and attorney's fees. We affirm in part, reverse in part, and amend in part.

FACTS
On February 10,1996, Parkes sustained an injury during the course and scope of her employment as a cashier for Prien Pines. She needed some scissors to assist a customer. Mr. Gary Abrahams (Abrahams), owner of Prien Pines, told her that she could find them in the bookkeeper's office. She found the office door locked and asked a coworker, Kevin Lyons (Lyons), if he could open the door. While he was trying to do so with his knife, she decided to enter through an open window which was approximately four and one-half feet from the floor. When attempting to crawl through the office window, she lost her balance and fell to the floor, hitting the copy machine table on her way down. She claims that the shock caused her to urinate and bruise her buttocks.
She did not report the fall to Abrahams and continued working until February 13, 1996, the date of her first visit with Dr. R.K. Wagman (Dr. Wagman). During the visit, Dr. Wagman noted that she complained of back pain and had large bruises on her left buttocks. He prescribed some analgesic medications and released her from work for a week.
Abrahams called Parkes upon learning that she was sick. She did not tell him about the accident, but said that she would be out for a week.
She had a follow-up visit with Dr. Wagman on February 21, 1996. She complained of urinary incontinence. Again, Dr. Wagman released her from work for a week, until February 26, 1996.
Parkes told Abrahams about the accident. Consequently, he filed an accident report with PCA on February 28, 1996. Nevertheless, on March 15, 1996, PCA denied Parkes *40 workers' compensation benefits, as well as medical bills.
Parkes' incontinence problems continued, and Dr. Wagman told her to consult with an OB GYN. On May 2, 1996, she saw Dr. Ben Darby (Dr. Darby), who had been her OB/GYN for several years. He diagnosed her with stress urinary incontinence and recommended surgery. Dr. Darby performed the procedure on May 20, 1997, and prescribed six weeks of recovery. However, the surgery failed to correct her condition. Dr. Darby opines that she will permanently suffer from incontinence.
Parkes filed a claim for workers' compensation benefits and payment of her medical bills. Abrahams failed to attend the mediation conference. The hearing was held on January 20, 1997. On May 22, 1996, the workers' compensation judge issued a Post Trial Findings and Order, requiring that the case be reopened to receive additional evidence from Dr. Darby on the issue of disability.
On December 19, 1997, the workers' compensation judge awarded Parkes temporary total disability benefits from May 20, 1996 through July 17, 1996. The court also found that Parkes had sustained permanent impairment of the usefulness of the physical function of the genito-urinary system and awarded her $160.00 per week for permanent partial disability benefits, subject to a credit for the award of temporary total disability. Additionally, the court awarded all reasonable and necessary medical expenses relating to the injury and fined Prien Pines $350.00 for failure to attend the mediation conference. The workers' compensation judge denied Parkes' claims for SEB, penalties, and attorney's fees. The workers' compensation judge amended the decision and entered the final judgment on December 19, 1997.

ASSIGNMENTS OF ERROR
Prien Pines appeals and alleges that the workers' compensation judge erred in:
1. Ordering the parties to reopen the evidence regarding the issue of work disability after the trial record was closed.
2. Finding that a work-related accident was the legal cause of the claimant's bladder problems.
3. Finding that the claimant had a permanent partial disability pursuant to La.R.S. 23:1221(4).
4. Denying defendant's right to a credit for medical payments by a third party pursuant to La.R.S. 23:1212.
5. Penalizing the employer for failure to appear at mediation.
Parkes answered the appeal and contends that the workers' compensation judge erred in failing to award:
1. Supplemental Earnings Benefits following Temporary Total Disability Benefits while the employee remains unable to earn at least ninety percent of her pre-accident earnings.
2. Temporary Total Disability Benefits from the date of the injury (February 10, 1996) until the date of the surgery (May 20, 1996).
3. Penalties and attorney fees where the defendant failed to reasonably controvert the injured employee's entitlement to benefits.

LAW

REOPENING THE EVIDENCE
Prien Pines assigns as error, the workers' compensation judge's order to reopen the evidence regarding the issue of disability after the trial record was closed. Prien Pines contends that scant evidence had been introduced to show disability at the close of the record and that the workers' compensation judge gave Parkes a second bite at the apple.
La.Code Civ.P. arts. 1631 and 1632 give discretion to the workers' compensation judge to control the order of trial and procedure in the interest of justice. Bradford v. Brewton Butane Co., Inc., 319 So.2d 892 (La.App. 3 Cir.1975). The decision to reopen the record for the production of additional evidence, after all parties have rested, is one within the sound discretion of the trial court and will not be disturbed on appeal unless it *41 is an abuse of discretion. State Dep't of Transp. & Dev. v. Latiolais, 613 So.2d 1009 (La.App. 3 Cir.), writ denied, 619 So.2d 545 (La.1993); Dubea v. Louisiana Dep't of Corr., 465 So.2d 245 (La.App. 3 Cir.1985).
The workers' compensation judge issued a Post Trial Findings and Order signed May 22, 1997, stating that the record would be reopened to take additional evidence regarding Parkes' disability following her surgery. We find no abuse of discretion in this decision.
LEGAL CAUSATION
Prien Pines alleges that Parkes failed to meet her burden of proving that a work-related accident caused her to suffer from urinary incontinence which required the bladder suspension surgery.
In order to recover workers' compensation benefits, a claimant must show that he was injured by an accident arising out of and in the course and scope of his employment, and that the alleged injury required medical treatment or rendered the employee disabled. La.R.S. 23:1031(A); Davis v. Cajun Bag & Supply Co., 96-1349 (La.App. 3 Cir. 6/25/97); 698 So.2d 39, writ denied, 97-2026 (La.11/14/97); 703 So.2d 625. The claimant has the burden of establishing, by a preponderance of the evidence, the occurrence of an accident and the causal relationship between it and the resulting disability. Id. "Proof by a preponderance of the evidence is sufficient when the evidence taken as a whole, shows that the fact sought to be proved is more probable than not." Watkins v. Asphalt Assocs., Inc., 96-249, p. 3 (La.App. 3 Cir. 12/4/96); 685 So.2d 393, 395. Therefore, it must be determined that the employment caused or contributed to the disability, though it is not necessary that the exact reason be found. Augustus v. St. Mary Parish Sch. Bd., 95-2498 (La.App. 1 Cir. 6/28/96); 676 So.2d 1144.
In determining whether or not the claimant has discharged his burden of proof, the trier of fact should accept as true a witness' uncontradicted testimony, even though the witness is a party, absent circumstances casting suspicion on the reliability of that testimony. Watkins, 685 So.2d 393. The worker's testimony alone may be sufficient to discharge this burden of proof provided that two elements are satisfied: (1) no other evidence discredits or casts serious doubt on the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. Bruno v. Harbert Int'l Inc., 593 So.2d 357 (La.1992). A workers' compensation judge's determinations as to whether the claimant's testimony is credible and whether the claimant has discharged his burden of proof are factual determinations which will not be disturbed on review absent manifest error or unless clearly wrong. In Bruno, the court stated that "`[w]hen findings are based on determinations regarding the credibility of witnesses, the manifest error-clearly wrong standard demands great deference to the trier of fact's findings....'" Id. at 361 (quoting Rosell v. ESCO, 549 So.2d 840 (La. 1989)). When the trier of fact's findings are reasonable in light of the entire record, an appellate court may not reverse a choice between two permissible views of the evidence. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840 (La.7/1/97); 696 So.2d 551.
The workers' compensation judge found that Parkes met her burden of proving that she sustained an injury in an accident arising out of and in the course and scope of her employment.
Prien Pines alleges that the workers' compensation judge erred in finding that there was a work-related accident. It asserts that the workers' compensation judge should have accepted Lyons' version of the incident which contradicted Parkes' testimony.
Parkes testified that she attempted to crawl through the office window, lost her balance and fell on to the floor, hitting the copy machine table on her way down. She claims that she urinated and bruised her buttocks as a result. Lyons testified that Parkes could not possibly have fallen onto the floor. He stated that immediately, he looked towards her once he heard a bump and saw her with her left foot and left hand on the ledge of the office window. Thus, Prien Pines asserts that Parkes did not have time to fall and get back up on the window *42 within a few seconds. However, Lyons' testimony indicates that he could have underestimated the amount of time that it took to look towards Parkes.
The workers' compensation judge found Parkes' story more credible. The workers' compensation judge stated:
Though there was some evidence suggesting that an accident may not have occurred, the court resolved the issue in Ms. Parkes' favor primarily based upon the fact that she did in fact have bruising on her posterior which was corroborative of her version of the accident in that she claimed to have fallen through an interior window in an attempt to get into a locked room at the office.
The workers' compensation judge has the power to assess whether a witness is more credible than another, and we shall leave such a determination undisturbed, unless it is clearly wrong or manifestly erroneous. We find that there is sufficient evidence in the record for the workers' compensation judge to make the factual findings it did and that it did not err in finding that Parkes met her burden of proving the existence of an accident arising out of and in the course and scope of her employment.
Prien Pines also alleges that Parkes did not meet her burden of proving that her injuries were caused by the accident. Parkes testified that she did not have any problem with incontinence prior to the accident. She stated that the shock sustained during the fall caused her to urinate and that she suffered from urinary stress incontinence thereafter. Dr. Wagman testified that the bruises on her buttocks were consistent with a fall such as the one she described. Dr. Darby diagnosed that Parkes suffered from stress urinary incontinence which could have been caused by a shock such as the one sustained in the fall at the office.
Prien Pines asserts that Parkes did not meet her burden of proving that her injury was caused by an accident arising in and out of the scope of her employment and offers several arguments justifying its claim. After a thorough review of the record, we find that Prien Pines' assertions are unsubstantiated.
Thus, in view of the record as a whole, we cannot say that the workers' compensation judge clearly erred in considering that Parkes met her burden.

PERMANENT PARTIAL DISABILITY
Prien Pines assigns that the workers' compensation judge erred in finding that Parkes was permanently partially disabled pursuant to La.R.S. 23:1221(4)(p).
Permanent partial disability benefits are awarded solely as a compensation for the loss of anatomical use. La.R.S. 23:1221(4)(p) & (q) provide, in relevant parts, that when the genito-urinary system's permanent impairment is greater than twenty-five percent as provided by the American Medical Association "Guides to the Evaluation of Permanent Impairment," (1984), the employee is entitled to compensation not to exceed sixty-six and two-thirds percent of wages for a period not to exceed one hundred weeks. La.R.S. 23:1221(4)(s)(ii) also provides that a claim for permanent partial disability must be established by clear and convincing evidence.
The workers' compensation judge awarded permanent partial disability benefits on the basis of Dr. Darby's findings that Parkes continued to have problems with incontinence after the surgery. The post trial deposition of Dr. Darby contains a clear description of the limitations Parkes must endure because of the loss of her bladder function. Furthermore, Dr. Darby testified that under the standards set forth by the American Medical Association, Parkes had a class three bladder, which results in a twenty-five to thirty-five percent impairment of the whole person. Prien Pines does not offer any expert testimony to the contrary and fails to substantially controvert Dr. Darby's testimony. The workers' compensation judge finding is amply supported by the record.

CREDIT FOR MEDICAL PAYMENTS BY A THIRD PARTY
Prien Pines claims to be entitled to a reduction in the award of medical payments to Parkes under La.R.S. 23:1212 based on the fact that Parkes' health insurance paid some of her medical expenses.
*43 La.R.S. 33:1212 provides that employers and insurers are entitled to an offset for medical expenses that are paid by third parties other than a direct payment by the employee herself, a relative or a friend. Granger v. Nelson Logging, 96-223 (La.App. 3 Cir. 12/4/96); 685 So.2d 400. The identity of the payor of insurance premiums is an issue of fact, and we shall leave the workers' compensation judge's decision undisturbed unless clearly wrong. Evidence adduced establishes that Prien Pines did not pay any portion of Parkes' insurance premiums. The record also documents that Parkes paid the Aetna insurance premiums under a COBRA policy obtained through her ex-husband's employer. Thus, the Aetna payments are specifically excluded by La.R.S. 23:1212 as extinguishing Prien Pines' obligation. Accordingly, we find no merit in Prien Pines' contention.

PENALTY FOR FAILURE TO APPEAR AT MEDIATION
Prien Pines appeals the decision to levy a $350.00 penalty against it for failure to appear at a mediation conference. The workers' compensation judge has great discretion in considering whether or not to assess penalties of this nature and such a decision shall not be reversed on appeal absent a clear abuse of discretion.
Prien Pines urges that Abrahams did not appear at the mediation conference because notice of it to him was defective: namely, the notice referred to Anna S. Parkes when the claimant was known to him as Anna Stallard; the accident date was indicated as March and there were no accidents at Prien Pines in March; and the notice referenced Aetna Insurance Company. The workers' compensation judge acknowledged that Prien Pines was confused by Parkes' name change since she was hired under the name of Stallard, but determined that Abrahams was, at least, under the obligation to investigate further which he did not do. The citation specifies on its face that Prien Pines could contact the Office of Workers' Compensation at a certain telephone number if it had any questions. We find that the workers' compensation judge did not clearly abuse its discretion in assessing the penalty.

SUPPLEMENTAL EARNINGS BENEFITS
Parkes answers that the workers' compensation judge erred in failing to award her SEB following temporary total disability benefits while she remained unable to earn at least ninety percent of her pre-accident earnings.
The purpose of SEB as defined by the supreme court in Banks is to "`compensate the injured employee for the wage earning capacity that he has lost as a result of his accident.'" Banks, 696 So.2d at 556, (quoting Pinkins v. Cardinal Wholesale Supply, Inc., 619 So.2d 52, 55 (La.1993)). The threshold requirement for recovery of SEB is that the employee's injury results in her inability to earn at least ninety percent of what she earned prior to the injury. La.R.S. 23:1221(3)(a); Banks, 696 So.2d 551.
The employee bears the burden of proving by a preponderance of the evidence that her work-related injury prevents her from earning wages equal to ninety percent or more of the wages that she earned before the injury. Banks, 696 So.2d 551. Preponderance of the evidence means that the fact to be sought is more probable than not, bearing in mind that workers' compensation law is to be liberally construed in favor of coverage. Id. In assessing whether or not a claimant has met her burden of proof, the court must weigh all the evidence, medical and lay. Courville v. Omni Drilling, 96-174 (La.App. 3 Cir. 7/10/96); 676 So.2d 861.
Dr. Darby's Post Trial Deposition clearly establishes that Parkes cannot earn her pre-accident wages because of her disability. He categorized Parkes' bladder function as class three where there is intermittent dribbling and no voluntary control and concluded that it is very difficult for people with such disability to pursue any type of work or anything in society. Dr. Darby testified that Parkes' disability is worse than that of a person wearing an out-of-body attachment to contain urine because Parkes has no way to control her urine flow or know when she will overflow her adult diapers. Finally, when asked if a patient with Parkes' condition could work, he replied:

*44 [I]t's very difficult to find employment where a person canother than working in the homewhere they can take care of those needs out trying to work with the public or in a place where they may not have access to hygiene or be able to change a saturated pad exactly when it needs to be changed, that type of problem. So, you know, when a woman gets to the point where she's got involuntary loss of urine, theyou're looking at a very narrow scope of employment or opportunities for someone .... [i]t was my opinion, from what she described to me as the severity of her problem, that she wasn't able to go out and seek gainful employment because she had hygiene issues that she had to address.

(Emphasis added.)
Thus, Parkes clearly met her burden of proving that she was unable to earn ninety percent of the wages that she earned prior to the injury. Once an employee has met her burden of proof, the employer has to show that the employee is able to obtain a certain type of employment, corresponding to her field of training and skills, and that this kind of employment was offered to the employee or is available to her within the employee's or the employer's community or reasonable geographic region. Banks, 696 So.2d 551.
In the instant case, Prien Pines did not significantly controvert Dr. Darby's deposition or offer evidence that Parkes was able to work. It did not show that the type of employment that she could physically pursue had been offered to her or is available within the community or a reasonable geographic area.
The workers' compensation judge did not address Parkes' claim for SEB. Silence in a judgment must be construed as a rejection. See Danzey v. Evergreen Presbyterian Ministries, 95-167 (La.App. 3 Cir. 6/7/95); 657 So.2d 491. We, thus, find that the workers' compensation judge clearly erred in denying Parkes SEB.
La.R.S. 23:1221(3) provides that SEB payments should equal sixty-six and two-thirds percent of the difference between the plaintiff's average monthly wages at the time of the injury and the average monthly wages actually earned thereafter. See La.R.S. 23:1221(3) also provides that average monthly wages shall be computed as four and three tenths times forty hours per week as defined by La.R.S. 23:1021(10). Parkes testified that her current average income is forty dollars per week from the sale of crafts which equals $160.00 per month. The workers' compensation judge estimated that her weekly wages at Prien Pines before the injury was six dollars per hour for forty hours a week. Under La.R.S. 23:1221(3), her monthly income is four and three tenths times $240.00 per week which equals $1032.00 per month. Parkes' SEB payments shall be calculated as follows:
66 2/3 × ($1032.00-$160.00) = 66 2/3 × $872.00 = $581.33
Consequently, Parkes is entitled to $581.33 in SEB every month, beginning at the end of her thirty-five weeks of eligibility for permanent partial disability benefits.

TEMPORARY TOTAL DISABILITY
Parkes further assigns as error that the workers' compensation judge erred in failing to award Temporary Total Disability Benefits from the date of the injury until the date of the surgery.
It is well settled that the standard of review of a workers' compensation judge's conclusion in this regard is the manifest error/clearly wrong standard. Watkins, 685 So.2d 393. An employee is entitled to receive temporary total disability benefits only if she proves, by clear and convincing evidence, that she "is physically unable to engage in any employment or self-employment." La.R.S. 23:1221(1)(c); Watkins, 685 So.2d 393. To prove a matter by clear and convincing evidence, the employee needs to show that the existence of the disputed fact is highly probable. Watkins, 685 So.2d 393.
The workers' compensation judge awarded Parkes temporary total benefits from May 20,1996 through July 17,1996, but was silent regarding Parkes' prayer for temporary total disability benefits for the period following the injury but before the surgery.
It is clear from the record that Dr. Wagman did not permit Parkes to work for a two-week *45 period, starting February 13, 1996, until February 26, 1996, for the problem which we have determined was a work-related injury. Thus, Parkes is entitled to recover temporary total disability benefits in the amount of $320.00 for this period. However, we find that the workers' compensation judge was not manifestly wrong in denying her recovery from February 26, 1996 until May 20, 1996. Starting February 26, 1996, Dr. Wagman testified that he allowed Parkes to resume light activities and that the making and selling of crafts would qualify.

PENALTIES AND ATTORNEY'S FEES
Parkes argues that the workers' compensation judge erred in failing to award penalties and attorney's fees where Prien Pines failed to reasonably controvert her entitlement to benefits.
La.R.S. 23:1201 provides that the employer or insurer is liable for statutory penalties for withholding benefits without evidence to "reasonably controvert" the employee's right to compensation and medical benefits. Lucius v. H.B. Zachry Co., 95-1667 (La.App. 3 Cir. 5/8/96) 673 So.2d 1357, writ denied, 96-1483 (La.9/20/96); 679 So.2d 438. La.R.S. 23:1201.2 provides that attorney's fees are recoverable if the employer or insurer acted arbitrarily, capriciously, or without probable cause in refusing to pay or in terminating the benefits. Id. The workers' compensation judge's determination of whether or not the employer should be cast with penalties and attorney's fees is essentially a question of fact and shall remain undisturbed, absent manifest error. Id.
In the instant case, the workers' compensation judge did not find that Prien Pines or PCA acted unreasonably in controverting Parkes' claim. We disagree.
The accident report was filed by Abrahams on February 28, 1996, and PCA denied payment of any medical bills or workers' compensation benefits on March 15, 1996. PCA's letter did not specify any reason motivating the denial of the claim. It stated only that "it was determined that [the] claim did not meet all of the requirements outlined in the Worker's Compensation Act." A claim is reasonably controverted when the employer has a reasonable basis for believing that compensation and medical expenses are not due.
The record does not support a finding that Prien Pines and PCA had a reasonable basis to controvert the claim. Prien Pines and PCA claim that Parkes suffered from urinary incontinence prior to the fall. This claim is not supported by any medical evidence. An unjustified belief that an injury did not result from an accident does not excuse a failure to pay workers' compensation benefits. Nelson v. Roadway Express, Inc., 588 So.2d 350 (La.1991).
We find that the workers' compensation judge committed manifest error in failing to award penalties and attorney's fees based on the defendant's unjustified and arbitrary denial of compensation and medical benefits. Penalties are awarded in the amount of twelve percent of the total unpaid compensation and medical benefits. Attorney's fees are awarded in the amount of $5,000.00.

CONCLUSION
The judgment of the workers' compensation judge is affirmed insofar as it reopened the record regarding the issue of disability; found that Parkes suffered a work-related injury; found that Parkes had a permanent partial disability; refused to award the defendant credit for payments made by a third party and penalized the employer for failure to appear at the mediation hearing. The judgment of the workers' compensation judge is reversed and amended to award claimant supplemental earnings benefits, starting at the end of Parkes' thirty-five weeks of eligibility for permanent partial disability benefits in the amount of $581.33 per month; additional temporary total disability benefits from February 13, 1996 until February 26, 1996; as well as penalties and attorneys fees in the total amount of $5,000.00.
AFFIRMED IN PART, REVERSED IN PART AND AMENDED.