762 So.2d 79 (2000)
Cheryl A. MANCUSO
v.
UNION CARBIDE CORPORATION.
No. 99-CA-1273.
Court of Appeal of Louisiana, Fifth Circuit.
April 25, 2000.
*80 Anne T. Turissini, New Orleans, for Appellant Cheryl A. Mancuso.
Dominic Gianna, Ernestine L. Anderson-Trahan, Michael M. Simpson, New Orleans, for Appellee Union Carbide Corporation.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., JAMES L. CANNELLA and MARION F. EDWARDS.
CANNELLA, J.
Plaintiff, Cheryl Mancuso, appeals a judgment in a workers' compensation benefits case against defendant, Union Carbide Corporation. We affirm, but remand for further proceedings.
Plaintiff filed a disputed claim for workers' compensation benefits on October 10, 1997 for an alleged injury to her wrist. Trial was held on April 1, 1998, during which 3 witnesses testified. At the conclusion of plaintiff's case, counsel for both parties agreed for plaintiff to obtain a pain management evaluation. This agreement was reduced to a judgment on April 30, 1998.
Next, plaintiff was apparently approved for Social Security benefits and also received treatment by a new physician. On July 10, 1999, plaintiff filed a "Motion to Reopen Case and/or To Modify Former Findings", which was opposed by defendant and a hearing was held on July 23, 1999. On August 10, 1999, the trial judge denied the motion.
On appeal, plaintiff asserts that the trial judge abused her discretion in denying the motion. Plaintiff contends that the trial judge retained jurisdiction to reopen the case for further evidence because plaintiff had not rested her case before the matter was stayed and because the case had not been fully litigated. Plaintiff asserts that jurisdiction is divested when a judgment denying benefits has been rendered, but that this judgment does not deny nor award benefits. Instead, it implies that the evaluations of the pain management clinics would be taken into consideration at some future time. Thus, the April 1, 1998 judgment was an interim judgment. Because it is an interim judgment, plaintiff argues that she should be permitted to introduce additional evidence. Plaintiff asserts further that the judgment indicates that the trial judge felt that plaintiff suffered from employment related pain since she ordered defendant to pay the costs of the continuing medical procedures.
Defendant responds that the trial judge did not abuse her discretion. It argues *81 that the merits of the case were fully tried on April 1, 1998 and that, in chambers, the trial judge denied benefits because she stated that plaintiff failed to prove her case. Defendant asserts that the April 1, 1998 judgment is a final judgment, from which plaintiff cannot appeal. Defendant also contends that evidence sought to be introduced is not newly discovered evidence, but are results of actions occurring after the trial.
La.C.C.P. arts. 1631 and 1632 give discretion to the trial judge to control the order of trial and procedure in the interest of justice. Parkes v. Prien Pines Nursery, 98-384 (La.App. 3rd Cir.11/4/98), 722 So.2d 36, 40; writ den., 98-2993 (La.1/29/99), 736 So.2d 837. The decision to reopen the trial for the admission of additional evidence is subject to the discretion of the trial judge and will not be modified or reversed in the absence of abuse of that discretion. Parkes v. Prien Pines Nursery, 722 So.2d at 40. See: Anderson v. Anderson, 98-675 (La.App. 5th Cir.3/10/99), 732 So.2d 537, 540.
In the transcript of the trial, following completion of plaintiff's testimony, her counsel stated: "Thank you. I have nothing further." A short recess was taken, after which, the following colloquy took place:
Ms. Turissini [counsel for plaintiff]:
Your honor, I think we've come to an agreement. And that is that Union Carbide agrees to send Ms. Mancuso for a pain management evaluation. And if that first evaluation management
Mr. Simien [counsel for defendant]:
Yes, some sort of pain management program?
Ms. Turissini:
Yeah.
Mr. Simien:
We'll probably want to have our own independent pain management evaluation.[1]
Ms. Turissini:
And if the second also agrees that management is necessary they will go ahead and pay for pain management treatment.
The Court:
Why don't we indicate for the record that the partiesyou want to do a consent order with reference to this matter?
Mr. Simien:
Sure.
The Court:
And both parties sign it and present it to me.
Mr. Simien:
Okay, that's fine.
The Court:
Let the record reflect that trial commenced on April 1st, 1998. Witnesses were called and the parties have indicated for the record that they intend to enter into a consent agreement with reference to this matter. It should be submitted to the court withinas soon as possible submit the consent order to the court.[2]
It is clear from the colloquy that the parties rested their cases, except for obtaining the results of one or more pain management evaluations of plaintiff. However, defendant insists that the judgment of April 1, 1998 was a final judgment denying plaintiff benefits because of a discussion with the trial judge in chambers. Defendant asserts that under the jurisprudence interpreting La. R.S. 23:1310.8 A(1), when the trial court denies benefits, the case is not under the continuing jurisdiction of the court and may not be reopened.[3]
The April 1, 1998 judgment referred to by the parties states:

*82 IT IS HEREBY ORDERED that evaluations be conducted of Cheryl A. Mancuso by a pain management clinic of her choice and by a pain management clinic chosen by Union Carbide Corporation. Union Carbide Corporation shall bear the costs of the evaluations.
This judgment does not determine the merits of the case and is not a final judgment on the merits. Furthermore, a final judgment must be reduced to writing. See: La.C.C.P. art. 1841, C.C.P. art. 1911[4]. Statements in chambers form no part of a case, unless formally introduced into or made part of the record. Thus, anything the parties or trial judge stated in chambers is not properly before this court. See: La.C.C.P. art. 2164. In this case, there is no judgment, written or otherwise, on the merits of plaintiff's claim. Instead, the April 1, 1998 judgment simply holds the case open for the admission of the pain management evidence. It does not deny or award benefits and plaintiff's right to workers' compensation benefits has not yet been decided. The case has remained open, thus the motion to reopen the case is superfluous. Because of that, the case will be remanded for completion of the case in accordance with the judgment of April 1, 1998, following which either party may file an appeal within the usual delays.[5]
In regard to the denial of the motion to modify the former findings, we note that there are no former findings. Furthermore, plaintiff is not alleging that her condition worsened or changed in any way since the trial, so that she obtained additional medical treatment. Rather, she is attempting to bolster the case she presented on April 1, 1998. Under these facts, we find that the trial judge did not abuse her discretion in denying the motion. We thereby affirm the judgment denying plaintiff's motion to reopen the case or modify the former findings.
Accordingly, the judgment denying the "Motion to Reopen Case and/or To Modify Former Findings" is affirmed. The case is remanded for further proceedings in compliance with the judgment of April 1, 1998.
Each party is to bear their own costs of this appeal.
AFFIRMED AND REMANDED.
NOTES
[1] Supplemental Recordpage 151.
[2] Supplemental recordpages 152-153.
[3] A. (1) The power and jurisdiction of the workers' compensation judge over each case shall be continuing and he may, upon application by a party and after a contradictory hearing, make such modifications or changes with respect to former findings or orders relating thereto if, in his opinion, it may be justified, including the right to require physical examinations as provided for in R.S. 23:1123, provide, that upon petition filed by the employer or insurance carrier, and the injured employee, or other person entitled to compensation under the Workers' Compensation Act, a workers' compensation judge shall have jurisdiction to consider the proposition of whether or not a final settlement may be had between the parties presenting such petition, subject to the provisions of law relating to settlements in workers' compensation cases....
[4] La.C.C.P. art. 1841 provides:

A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.
A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
A judgment that determines the merits in whole or in part is a final judgment.
La.C.C.P. art. 1911 states:
Except as otherwise provided by law, every final judgment shall be signed by the judge. For the purpose of an appeal as provided in Article 2083, no appeal may be taken from a final judgment until the requirement of this Article has been fulfilled.
[5] The record does not reflect whether the pain management evaluations were ever obtained.