MARVIN, Judge.
On the rule of the plaintiff ex-husband to terminate permanent alimony, judgment was rendered reducing monthly alimony from $300 to $200 and awarding the ex-wife her attorney fees and expenses of traveling from New Orleans to Shreveport for the trial of the rule. The ex-husband appeals. We affirm the reduction and reverse the award of attorney fees and travel expenses.
In late 1974, plaintiff and defendant were legally separated in Caddo Parish and defendant was awarded $300 monthly as alimony pendente lite. Shortly thereafter, plaintiff obtained an Arkansas divorce incorporating a permanent alimony award to defendant for this amount. By conventional agreement, plaintiff and defendant partitioned their community property and obtained a Louisiana decree in April, 1975, granting full faith and credit to the Arkansas judgment. It was agreed that the ex-wife was not at fault and would not be barred from receiving permanent alimony. Nineteen months later, plaintiff filed the instant rule to terminate permanent alimony on grounds including an increase in defendant’s financial circumstances and a decrease in plaintiff’s.
The record shows:
(A) Defendant moved from Shreveport to New Orleans after the divorce. Her net earnings from employment increased by $117. Her expenses for housing also increased by a similar, but lesser, amount. Her medical expenses increased. Defendant sold property in Shreveport which was received by her in the partition of the community. She still has some portion of the net sales proceeds of $14,000.
(B) Plaintiff changed jobs and married again after the divorce. His gross income from employment is approximately the *455 same. His net income ($900 monthly) over a 10-month period, may have been approximately $200 less per month, if he is obligated to repay amounts advanced by his employer in excess of his earned commissions for that period.[1] His living expenses have increased, primarily because he and his new wife have purchased a new home ($34,000), furnishings ($5,000) and automobile. Plaintiff’s new wife has gross earnings of $1,100 a month.
The record supports the reduction in permanent monthly alimony from $300 to $200. When pendente lite or permanent alimony is originally sought by the wife, she has the burden of establishing her needs. When the ex-husband seeks to terminate or reduce alimony on grounds including a decrease in her needs, the burden is on him, not her, to establish this. Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973).
While one ex-spouse may not voluntarily commit unreasonable acts which affect the alimony or support obligations owed the other ex-spouse and employ these as grounds to modify a prior support or alimony award, the totality of the circumstances created by reason of a second marriage of one or both ex-spouses should be considered in determining a modification of an alimony or support award. Marcus v. Burnett, 282 So.2d 122 (La.1973) and cases discussed therein. The earnings of plaintiff’s second wife, and the reasonableness of plaintiff’s claimed expenses of the second marriage, have been considered in determining the plaintiff ex-husband’s ability to pay. The record supports the lower court’s denial to terminate permanent alimony and allowing a reduction instead.
Defendant’s assets, whether the property in Shreveport or its equivalent (the cash proceeds from its sale), were available to her when the alimony award was ordered. She is not required to exhaust these assets to remain legally eligible (in necessitous circumstances) for permanent alimony. Loe v. Loe, 131 So.2d 106 (La.App. 2d Cir. 1961).
An award of attorney fees to the ex-wife after separation or divorce has not been allowed in the absence of contract or statute. Stanfield v. Stanfield, 342 So.2d 1195 (La.App. 2d Cir. 1977). Likewise, the award for her travel expenses will not be allowed.
Defendant seeks a remand for the purpose of showing extraordinary medical expenses incurred or paid by her allegedly exceeding $6,000, as well as her unemployment because of serious illness. In Gallagher v. Gallagher, 248 La. 621, 181 So.2d 47 (1965), a remand was allowed for additional evidence concerning the husband’s ownership of an automobile and his employment at the time of the trial below. Here, the alleged basis for remand did not exist at the time of the trial below, but arose afterward, The record is complete on the issues presented by the pleadings below. For these reasons, the motion to remand is denied. Defendant is not barred from showing in another proceeding the alleged changes in her circumstances which may have arisen after the trial of the present rule.
Judgment awarding attorney fees and travel expenses to defendant is reversed. Judgment decreasing the monthly permanent alimony award is affirmed. Costs of this appeal are assessed one-half to each litigant.

. See Dunckleman Dist. Co., Inc. v. Hyde, 334 So.2d 236 (La.App. 2d Cir. 1976).