452 So.2d 194 (1984)
Merrel Loubat CAIRE
v.
Harry G. CAIRE.
No. CA-1362.
Court of Appeal of Louisiana, Fourth Circuit.
May 10, 1984.
Rehearing Denied July 24, 1984.
*195 Edward D. Wegmann, Jones, Walker, Waechter, Poitvent, Carrere & Denegre, New Orleans, for plaintiff-appellee, Merrel Loubat Caire.
Brian M. Begue, New Orleans, for defendant-appellant, Harry G. Caire.
Before WARD, CIACCIO and LOBRANO, JJ.
WARD, Judge.
Merrel Caire filed a rule to show cause against her former husband, Harry Caire, seeking a judgment for past-due alimony and an increase in future alimony. The Trial Judge rendered judgment in her favor and Harry Caire has appealed that judgment.
Mr. and Mrs. Caire were divorced on October 4, 1978. The judgment of divorce held Mrs. Caire free from fault and entitled to alimony. Thereafter, Mr. Caire agreed to pay alimony of $250.00 per month, and the agreement was entered in the record as a consent judgment.
On December 29, 1979, Mr. and Mrs. Caire settled the community. Mrs. Caire renounced all interests in the community, and in return, Mr. Caire gave her two pieces of immovable community property, promised to pay the mortgages and liens encumbering them, and promised to increase alimony payments to $750.00 per *196 month. Additionally, because Mrs. Caire's separate property had been given as security for the payment of community debts, Mr. Caire, as part of the settlement agreement, promised to pay those debts.
This agreement was not made part of the court record, thus the record only showed a consent judgment requiring alimony of $250.00 per month. However, on November 24, 1982, when Mr. Caire failed to pay the debts or alimony which Mrs. Caire believed was due, she filed a rule to change the judgment to increase alimony from $250.00 to $750.00, and requested judgment for past-due alimony. On April 12, 1983, the Trial Judge rendered judgment in her favor, increasing permanent alimony from $250.00 to $750.00 per month and holding Mr. Caire liable for past-due alimony payments of $250.00 per month which, together with one month's increased payment amounted to $9,750.00. On June 3, 1983, Judge Roberts amended the judgment at Mrs. Caire's request to include interest and costs.
In this appeal, Mr. Caire argues that the Trial Court erred in 1) awarding an increase in permanent alimony; 2) finding that there was past-due alimony; 3) receiving evidence offered by Mrs. Caire after she had rested her case; and 4) granting Mrs. Caire's motion to amend the judgment to include costs and interest.

INCREASE IN ALIMONY
Mr. Caire first argues that a divorced person who seeks an increase in the amount of permanent alimony must show a substantial change in circumstances, and that Mrs. Caire failed to prove a change in either her expenses or his ability to pay.
We hold there is ample evidence to support a finding of changed circumstances: Mr. Caire discharged many of his debts in bankruptcy; he failed to pay the notes secured by the community property transferred to Mrs. Caire; he is now remarried to a wife who is able to contribute to their community; and his present employment and business investments and ventures are successful.
Additionally, Mrs. Caire showed increased needs: Mr. Caire had heavily encumbered all of the community property left in her possession, and after he declared bankruptcy she was required to pay those debts to avoid foreclosure on her separate property which had been given as security for community debts.
Mr. Caire next contends that his alimony payments should not be increased because his former wife is a trained chemist and should find a job rather than rely on him for support. Mrs. Caire was a chemist before her marriage in 1947. She has never worked since that time. Rather, she stayed at home and raised six children of their marriage. She now cares full time for an invalid mother. Under the circumstances of this case, we find no error in the Trial Judge's refusal to consider Mrs. Caire's professional training when he fixed alimony.
Additionally, Mr. Caire contends that his former wife should receive money from her invalid mother for the care and services she provides to her. Although Mrs. Caire administers her mother's assets, she does not receive income from it. This help is only a natural obligation owed by children to parents. There is no law which requires a child to charge for this service. Additionally, financial assistance provided by a parent does not relieve a spouse from the obligation of support after divorce. Shelton v. Shelton, 395 So.2d 899 (La.App. 2nd Cir.1981); McCole v. McCole, 383 So.2d 55 (La.App. 2nd Cir.1980).
Mr. Caire's final argument is that Mrs. Caire is not in necessitous circumstances as she has assets which she should use to support herself. However, the record reflects Mrs. Caire has used a substantial amount of these personal assets for her support and the law does not require her to exhaust her assets, before she is eligible for permanent alimony. Powell v. Powell, 344 So.2d 453 (La.App. 2nd Cir. 1977); Super v. Super, 397 So.2d 1084 *197 (La.App. 4th Cir.1981), cert. den., 399 So.2d 583 (La.).
We hold the Trial Judge did not abuse his great discretion when he ordered alimony payments increased.

PAST-DUE ALIMONY.
Mr. Caire testified that he has paid his alimony obligation, and that the judgment for past-due alimony was manifestly erroneous. The record shows it was not.
Because of Mr. Caire's large personal debt and bankruptcy, his creditors sought satisfaction from the community property that he had transferred to Mrs. Caire in their community property settlement. To prevent the foreclosure and sale of Mrs. Caire's home and other assets, she paid over $109,000.00 on community debts, debts Mr. Caire had agreed to pay as part of the settlement. The record shows that the money given to Mrs. Caire, and which Mr. Caire now claims as alimony payments, was to partially reimburse Mrs. Caire for her payment of his debts, a fact Mr. Caire admitted on cross-examination. Therefore, these payments should not be credited to Mr. Caire as alimony payments. The judgment of the Trial Court holding Mr. Caire liable for past-due alimony is correct.

SUPPLEMENTAL NOTE OF EVIDENCE.
Mr. Caire objected when evidence was submitted and made part of the record after the case was closed. The decision to reopen a case for the production of additional evidence rests within the sound discretion of the Trial Judge. Vitari v. Lewis, 361 So.2d 476 (La.App. 4th Cir.1978).
We believe there was no abuse of discretion in this case. As a matter of fact, the Trial Judge asked Mrs. Caire to produce three mortgage certificates, and complying with his request, they were made part of the record after the close of her case in chief. Moreover, the certificates merely corroborated her oral testimony already in the record.

AMENDING THE JUDGMENT TO INCLUDE INTEREST AND COSTS
Mrs. Caire is entitled to interest on each alimony payment beginning from the time when each was due. Marshall v. Marshall, 390 So.2d 1365 (La.App. 4th Cir. 1980). In addition, she is entitled to an award of costs of the proceedings to make the past-due alimony executory. La.R.S. 9:305. And this is true even if the judgment does not provide for interest or assess costs. Hence, the Trial Judge did not err when he amended the judgment to provide for interest and assess costs, because the result would have been the same even if he had not done so.
AFFIRMED.