ARMSTRONG, Judge.
This is a motorcycle accident case. The defendant appeals from a judgment granted in favor of the plaintiff. The sole issue presented for review is whether the trial court abused its discretion in permitting the plaintiff to subpoena and present two witnesses after all of the parties in the case had rested. We hold that the trial court did not abuse its discretion in so doing and we affirm.
I.
The plaintiff, Lawrence Oster (“Oster”) was injured when his motorcycle crashed into a barricade that had been erected on Claiborne Avenue near the intersection of Tupelo in New Orleans. The barricade was in the left lane of Claiborne. Oster attempted to move to the right lane, was blocked by traffic, and turned back into the left lane. He was unable to stop in time and crashed into the barricade.
The lights on the barricade were not working. The accident occurred at about 5:40 a.m. and it was dark and foggy. The trial court found defendant-appellant Sewerage and Water Board 50% at fault and Oster 50% comparatively negligent.
II.
Oster originally sued the Sewerage and Water Board, the Department of Streets, South Central Bell Telephone Company, New Orleans Public Service, Inc. (“NOPSI”), and the City of New Orleans. Apparently, Oster sued all of these defendants because he was not sure who had placed the barricade on Claiborne Avenue. At trial, however, the only defendants left were the Sewerage and Water Board, NOPSI, and the City of New Orleans. The City of New Orleans was dismissed on motion after Oster rested his case. NOPSI then presented its witnesses, and the trial court dismissed NOPSI as a defendant as well. The Sewerage and Water Board then rested without presenting any witnesses. Thus, at that point, all the parties had rested. However, there was no testimony that the barricade had been placed on Claiborne Avenue by the sole remaining defendant, the Sewerage and Water Board. Oster’s attorney assumed that the Sewerage and Water Board would present the testimony of two of its employees and that, on cross-examination, he would be able to question them to establish that the Sewerage and Water Board had placed the barricade on Claiborne Avenue. The trial court re-opened the case to allow Oster to subpoena, call, and question two Sewerage and *794 Water Board employees to establish that the Sewerage and Water Board had placed the barricade on Claiborne Avenue.
III.
The decision of whether to reopen a case to allow additional evidence is within the discretion of the trial court. Vitari v. Lewis, 361 So.2d 476 (La.App. 4th Cir.1978); Caire v. Caire, 452 So.2d 194, 197 (La.App. 4th Cir.1984). The trial court’s decision should be reversed only for a “clear abuse of discretion.” Yeutter v. Lewis, 334 So.2d 728 (La.App. 3rd Cir.1976). The Sewerage and Water Board complains that the decision to re-open the case was an abuse of discretion and prejudiced the Sewerage and Water Board but does not give the slightest explanation as to why there was an “abuse” or “prejudice”.
The trial court’s decision seems perfectly reasonable. The two Sewerage and Water Board employees who were called by Oster when the case was re-opened had been subpoenaed by the City of New Orleans (but had been released from those subpoenas during trial when the City was dismissed at the close of Oster’s case). The two Sewerage and Water Board employees had both been deposed before trial. Therefore, the attorney for the Sewerage and Water Board had every reason to expect, prior to trial, that the two Sewerage and Water Board employees would be called to testify. The Sewerage and Water Board does not argue that it was unprepared for the testimony of its two employees. Furthermore, the trial court thought that the case should not be decided because of a careless error by Oster’s attorney. That seems reasonable in view of how easy it was to correct the error, and because the Sewerage and Water Board failed to explain, nor does the record reflect, any prejudice that resulted. Accordingly, the judgment of the trial court is affirmed.
Affirmed.
WILLIAMS, J., concurs with reasons.