WILLIAMS, Judge,
concurs with reasons.
I respectfully concur.
In Caire v. Caire, 452 So.2d 194 (La.App. 4th Cir.1984) and Vitari v. Lewis, 361 So.2d 476 (La.App. 4th Cir.1978), this court found no abuse of the trial courts’ discretion in their decisions to allow introduction of additional evidence. In Broussard v. Coleman, 479 So.2d 1016 (La.App. 3d Cir.1985), however, refusal to reopen a case was held not to be an abuse of discretion.
I agree with the majority’s position that defendant, Sewerage and Water Board was not “surprised” insofar as it had anticipated that its employees would have been called to testify, because they had been subpoenaed by the City of New Orleans, although not by plaintiff. The Sewerage and Water Board, however, could certainly assert that it was prejudiced because the result of reopening the case was that it was no longer exonerated from liability, but ultimately was cast in judgment. I would have been more inclined to follow the reasoning of the Third Circuit but am compelled to follow the earlier decisions of our circuit.
Each case is to be decided on its facts, and, clearly, there are instances where a trial court abuses the discretion with which it is vested. The ruling of the trial court in this case, although perhaps equitable, presents a close and difficult decision for us. In all matters of discretion, the courts should be zealous in their determination to rule fairly and uniformly as to every party.