732 So.2d 537 (1999)
Weldon ANDERSON
v.
Janice Gardner ANDERSON.
No. 98-CA-675.
Court of Appeal of Louisiana, Fifth Circuit.
March 10, 1999.
*538 Gregory S. Lacour, Gretna, Louisiana, Attorney for Appellant.
Phyllis M. Williams, LaPlace, Louisiana, Attorney for Appellee.
Panel composed of Judges JAMES L. CANNELLA, MARION F. EDWARDS and SUSAN M. CHEHARDY.
EDWARDS, Judge.
Defendant Janice Anderson appeals from a judgment of the district court granting her permanent alimony in the amount of $500.00 per month. The judgment also ordered plaintiff Weldon Anderson to continue to pay the mortgage note on the family residence in which Mrs. Anderson resides. For the following reasons we affirm.
Mr. and Mrs. Anderson were originally married in 1978, and divorced in 1993. They remarried each other in June, 1995 and separated again in 1996. Mr. Anderson filed suit for divorce in April, 1997, and divorce was granted in May, 1997; that judgment did not address the issues of fault or alimony. In September of that same year, Mrs. Anderson filed a *539 rule for permanent alimony, averring that she was free from fault in the breakup of the marriage, and was unable to work due to health problems.
Following trial of these matters, the court determined that due to the scant evidence presented, it could not attribute fault to either party. The court continued, finding that appellee presented no evidence or testimony relative to her means or expenses and awarding $500.00 per month in permanent alimony "because the evidence suggested that Mr. Anderson had been paying approximately that amount in mortgage payments for her." The court also ordered appellee to continue to pay the monthly mortgage notes on the family residence until the property is partitioned.
Mrs. Anderson appeals, averring that the trial court committed manifest error in awarding her only $500.00 per month because:
(1) she provided substantial evidence that her monthly expenses far exceeded that amount; (2) Mr. Anderson's income exceeds $84,000 per year; and (3) she provided overwhelming evidence of inability to work due to her medical conditions. She also urges that court was erroneous in not prohibiting Mr. Anderson from making a claim for reimbursement regarding the monthly mortgage notes, which argument we construe as part of her claim of insufficient alimony. The fault determination has not been appealed.[1]
The standard of review for alimony determinations is one of abuse of discretion. Thibodeaux v. Thibodeaux, 95-671 (La.App. 5th Cir. 1/30/96), 668 So.2d 1269.
La. Civil Code art. 112 states:
A. The court must consider all relevant factors in determining the entitlement, amount, and duration of final support. Those factors may include:
(1) The needs of the parties.
(2) The income and means of the parties, including the liquidity of such means.
(3) The financial obligations of the parties.
(4) The earning capacity of the parties.
(5) The effect of custody of children upon a party's earning capacity.
(6) The time necessary for the claimant to acquire appropriate education, training, or employment.
(7) The health and age of the parties.
(8) The duration of the marriage.
(9) The tax consequences to either or both parties.
B. The sum awarded under this Article shall not exceed one-third of the obligor's net income.
The spouse claiming permanent alimony has the burden of proving necessitous circumstances or that he or she has insufficient means for support. Brehm v. Brehm, 96-159 (La.App. 5th Cir. 11/26/96), 685 So.2d 377; Wagner v. Wagner 96-1420 (La.App. 4th Cir. 12/18/96), 686 So.2d 946.
In making an alimony determination, a court considers the expenses required to procure the basic necessities of life, such as food, shelter and clothing. Also included in the determination are reasonable and necessary automobile expenses, medical and drug expenses, utilities, and household expenses. Jordan v. Jordan, 432 So.2d 314, 318 (La.App. 5th Cir.), writ denied, 438 So.2d 1111 (La. 1983); Thibodeaux v. Thibodeaux, 95-671 (La.App. 5th Cir. 1/30/96), 668 So.2d 1269.
In the present case, appellant Mrs. Anderson testified that she has, among other medical problems, hypertension, diabetes and arthritis. She stated that she had not worked since 1992 or 1993, and had no source of income. She had applied for disability benefits through Social Security *540 but was rejected; appellant agreed with her doctor's assessment that she was a poor candidate for employment due to her "unreliability" and need for medication. Medical records attesting to her physical problems were admitted into evidence at the trial.
However, appellant neither testified to her needs, nor did she offer any evidence in this regard at the trial. The transcript evidences that the trial judge ordered the submission of post-trial memoranda. As the court indicated in its reasons for judgment, Mrs. Anderson did submit her post trial memorandum along with an affidavit of her monthly expenses and other evidence of her needs, all of which she asked to file into evidence. However, the parties had not requested that the court leave the trial open for the taking of evidence, nor did plaintiff petition the court to re-open the case. We do not find anything in the record to support plaintiff's contention in brief that the trial court requested submission of further evidence with the memoranda at the close of trial.
The trial court stated in her reasons for judgment:
The only evidence presented by defendant was in reference to her health problems, tending to show she was unemployable. No testimony was solicited [sic] concerning her expenses, or any other means she might have. In closing memorandums, both parties attempted to introduce arguments touching upon the necessitous circumstances and sufficiency of means. However, it was evident that here was no agreement as to those matters, so they were not considered by the court.
The trial court is vested with discretion over the manner in which a trial should be conducted. LSA-C.C.P. art. 1631(A). This discretion includes holding the case open to take further evidence. Crandell v. Winn-Dixie Louisiana, Inc. 580 So.2d 967 (La.App. 5th Cir.1991). The trial court's decision should be reversed only for a clear abuse of that discretion. Oster v. City of New Orleans, 528 So.2d 792 (La.App. 4th Cir.1988), citations omitted; Tatum v. Old Republic Ins. Co., 94-157 (La.App. 3rd Cir. 10/5/94), 643 So.2d 419.
On the other hand, in order to prevent a miscarriage of justice, a trial court should not hesitate to reopen a case for the taking of additional evidence, or to grant a new trial when properly requested, and an appellate court should not hesitate to set aside the ruling of a trial court on such matters in a case of manifest abuse of discretion. See Lamb v. Lamb, 430 So.2d 51 (La.1983). Antley v. Brantly, 28,049 (La.App. 2nd Cir. 2/28/96), 669 So.2d 685.
Under the facts of this case, we see no abuse of discretion in the (apparent) refusal by the trial court to re-open this matter for the taking of evidence. Defendant had the opportunity at trial to present any evidence of her circumstances, needs, bills, etc. There is no indication that such evidence was unavailable to her at the time of trial, or that it was newly discovered or newly relevant evidence. Under these circumstances, we discern no miscarriage of justice in the determination by the court to base her judgment on the evidence presented at trial.
Because Mrs. Anderson did not present proof of her needs or means[2] at the trial, we cannot say that the amount of alimony awarded by the trial court was insufficient. In the absence of evidence to the contrary, we find that $500.00 per month is adequate to provide the basic necessities of food, clothing, and other reasonable and necessary expenses, and that the trial court did not abuse its discretion in making such award. Although Mrs. Anderson has numerous medical problems, the records admitted at trial show that she is insured through a policy of Mr. Anderson's, and *541 the amount of her out-of-pocket medical expenses is, as are all her other needs, unknown. The additional requirement that Mr. Anderson pay the monthly mortgage notes adequately provides for defendant's housing needs.
In summary, there is nothing in the record to compel us to conclude that the trial court abused its discretion in granting the present alimony award. For the foregoing reasons, the judgment is affirmed. Appellant is assessed all costs of this appeal.
AFFIRMED.
CANNELLA, J., dissents with reasons.
CANNELLA, Judge, dissents with reasons.
Appellant, Ms. Anderson, appeals from the trial court alimony award of $500. She contends that her expenses far exceed that sum. Ms. Anderson's expenses were submitted by exhibits and an affidavit attached to her post-trial memorandum.
The trial court stated in her reasons for judgment that
No testimony was solicited concerning her expenses, or any other means she might have. In closing memorandums, both parties, attempted to introduce arguments touching upon the necessitous circumstances and sufficiency of means. However, it was evident that there was no agreement as to those matters, so they were not considered by the court.
Ms. Anderson's post trial memorandum and brief to this court provides, in pertinent part:
After said hearing, this Honorable Court requested that counsel for both parties file Post-Trial Memoranda setting forth their respective positions regarding Ms. Anderson's claims for permanent alimony, along with any evidence to support each parties respective arguments.
Mr. Anderson does not expressly refute Ms. Anderson's assertion that the trial court requested that the expense evidence be filed with the post-trial memoranda. In fact, he presents arguments against some of her expense figures as if they were part of the evidence in the case.
Considering the above, I am unable to ascertain what happened about the proof of Ms. Anderson's expenses. Moreover, the ends of justice are not met by affirming a judgment entered on the basis of a lack of evidence, where the evidence is in the record, submitted by exhibits and affidavits with the post-trial memorandum, as counsel believed he was instructed to do by the trial court.
Accordingly, I dissent from the majority opinion affirming the trial court judgment. In my view, the judgment should be set aside and the case remanded and reopened for the submission of evidence, if any, concerning Ms. Anderson's expenses, any rebuttal evidence thereto and then for judgment to be rendered thereafter.
NOTES
[1] Although Mr. Anderson argues against the fault determination in his brief to this Court, he neither appealed nor answered the appeal. Therefore that issue is not before us.
[2] We note there was testimony that Mr. and Mrs. Anderson own more than one house, and that the second house is a double. A daughter lives on one side, the other side is empty.