LMB SERVICES, LLC

VERSUS

PARISH OF ST. CHARLES

NO. 24-CA-46

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-NINTH JUDICIAL DISTRICT COURT
PARISH OF ST. CHARLES, STATE OF LOUISIANA
NO. 93,111, DIVISION "C"
HONORABLE CONNIE M. AUCOIN, JUDGE PRESIDING

November 27, 2024

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, Jude G. Gravois, Marc E. Johnson, and Scott U. Schlegel

**JUDGMENT VACATED;**
**REMANDED FOR FURTHER PROCEEDINGS**
    **MEJ**
    **SMC**
    **FHW**

**GRAVOIS, J., DISSENTS WITH REASONS**
    **JGG**

**SCHLEGEL, J., DISSENTS FOR THE REASONS ASSIGNED BY**
**GRAVOIS, J.**
    **SUS**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
LMB SERVICES, LLC
 John I. Hulse, IV
 Alexander J. Brewster

COUNSEL FOR DEFENDANT/APPELLEE,
ST. CHARLES PARISH
 Corey M. Oubre
 Robert L. Raymond

**JOHNSON, J.**

Plaintiff/Appellant, LMB Services, LLC, appeals the trial court's judgment that dismissed its petition for preliminary injunction and alternative writ of mandamus and vacated a temporary restraining order concerning a public bid for an improvement project rendered in the 29th Judicial District Court, Division "C". For the following reasons, we vacate the judgment and remand the matter to the trial court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

The relevant facts of this appeal are as follows:

On August 31, 2023, LMB Services, LLC (hereinafter referred to as "LMB") filed its petition for temporary restraining order, preliminary injunction, and writ of mandamus against Defendant/Appellee, the Parish of St. Charles (hereinafter referred to as "the Parish").[1] In its petition, LMB stated the Parish, a public entity, advertised the Primrose Canal Cleaning and Improvements – Phase 1A project, labeled as Project No. P10202 (hereinafter referred to as "the Project"), through a public bid that was opened on August 15, 2023. LMB alleged that it electronically submitted its bid, together with a hand delivery of the physical bid bond, on the date of the bid opening. LMB asserted that its bid was the second lowest economic bid in relation to the electronic bid placed by Omega Foundation Services (hereinafter referred to as "Omega"), and it was the only responsive bid that met all of the criteria of the advertised bid specifications.

LMB stated that it submitted two formal bid protests to the Parish, outlining the multiple errors and defects in the other bids--particularly Omega's bid--and requesting documentation of the other bids' rejections by the Parish. It averred that Omega's bid failed to properly submit the mandatory bid security/bid bond of

---

[1] The service of citation of the petition was requested upon the wrong person—the former parish president, rather than the current parish president.

$2,377,777.11 in accordance with the bid specifications and statutory requirements of the Louisiana Public Bid Law, La. R.S. 38:2212, *et seq.*; and Omega failed to submit the entire Bid Form, as revised and required by the Bid Specifications, Addendum No. 2. LMB alleged the Parish refused to reject Omega's bid and planned to award Omega the Project. It contended that, if the Parish were permitted to move forward with awarding the Project to Omega, a non-responsive bidder, the award would constitute a violation of the Louisiana Pubic Bid Law, causing irreparable damage to LMB and the general public. LMB prayed for the immediate issuance of a writ of mandamus, directing the Parish to reject Omega's bid as unresponsive and directing the Parish to award the Project to LMB, as the lowest responsive bidder. It also prayed for the issuance of a temporary restraining order (hereinafter referred to as "TRO") and subsequent issuance of preliminary and permanent injunctions, restraining and prohibiting the Parish from execution of any contract or performance of any work upon the Project until a full hearing had been held and a judgment rendered. LMB attached the following documents to its petition: the LMB bid protest letter, a bid protest letter from LMB's counsel of record, the Parish's rejection of LMB's bid protest, the Parish's bid specifications, the bid and copy of the bid bond submitted by Omega, the bid and bid bond submitted by LMB, and Addendum No. 2 to the bid specifications.

The trial court issued a TRO against the Parish on September 1, 2023, restraining the Parish from execution of any contract for the Project, issuing any notice to proceed with work on the Project, or performance of any work on the Project. The Parish was ordered to show cause why preliminary and permanent injunctions and an alternative writ of mandamus should not be issued. At the September 25, 2023 show cause hearing, LMB called one witness, Louis M. Badalamenti, to explain LMB's bidding process with the Parish for the Project.

At the conclusion of Mr. Badalamenti's testimony, the Parish moved for an

involuntary dismissal, arguing LMB failed to present any evidence that Omega was not the lowest responsive and responsible bidder. In opposition, LMB argued that the documents attached to its petition proved Omega's bid did not comply with the Public Bid Law. It insisted that it had not finished the presentation of its case and petitioned the court to call one additional witness and recall Mr. Badalamenti.[2] The trial court held that LMB had not introduced any of the documents attached to its petition into evidence, to which LMB petitioned the court to allow it to introduce those documents at that time. The court found that LMB rested its case when its counsel stated there were no further witnesses, subject to cross-examination of the Parish's witnesses, and denied LMB's request to allow the introduction of more evidence. LMB then proffered the documents attached to its petition into evidence. The trial court orally granted the Parish's motion for an involuntary dismissal.

Thereafter, on October 12, 2023, the trial court issued a written judgment that granted the Parish's motion for involuntary dismissal. The court also dismissed LMB's preliminary injunction with prejudice, dismissed LMB's alternative writ of mandamus with prejudice, and vacated the TRO granted to LMB on September 1, 2023. LMB filed a motion for new trial, asserting it was not required to introduce additional evidence because Omega's bid was already deemed defective and nonresponsive. It further asserted that the trial court's refusal to permit additional testimony from witnesses or, alternatively, to re-open the case for the admission of additional evidence constituted a miscarriage of justice.

A hearing on the motion for new trial was held on November 8, 2023. The trial court orally denied LMB's motion for new trial and subsequently rendered a

---

[2] LMB stated that it intended to present the testimony of a Central Bidding representative to verify Omega's bid. Central Bidding operates the online bidding platform through which the electronic bids were submitted.

written judgment of the same ruling on November 16, 2023. LMB's instant appeal followed.

## ASSIGNMENTS OF ERROR

On appeal, LMB alleges the trial court erred in granting the Parish's motion for involuntary dismissal of its petition for preliminary injunction and alternative writ of mandamus because: LMB presented *prima facie* evidence of the defects in the Omega bid; the Parish failed to meet its burden of proof during the show cause hearing; LMB had not rested its case; and the trial court excluded relevant witness testimony. LMB further alleges that the trial court erred in denying its motion for new trial on the basis that the involuntary dismissal was erroneously granted.

## LAW AND ANALYSIS

Motion for New Trial and Involuntary Dismissal

LMB alleges the trial court abused its discretion in denying its motion for new trial because the Parish's motion for involuntary dismissal was prematurely granted. It argues that it had not completed the presentation of its evidence. LMB contends that it preserved the right to call a Central Bidding representative or recall Mr. Badalamenti—as both witnesses were present outside of the courtroom—and the defective Omega bid could have been introduced during either one of their testimonies. It further contends that the trial court's refusal to permit the immediate correction of its inadvertent omission to introduce the Omega bid, which was attached to its verified petition, or the presentation of additional witness testimony was clearly wrong.

The Parish avers the trial court properly granted its motion for involuntary dismissal. It maintains that the court was not arbitrary in refusing to allow LMB to reopen its case because LMB attempted to submit additional evidence into the record that was not presented during LMB's presentation of its case. The Parish contends that, following the submission of evidence and testimony by LMB, the

trial court properly considered the facts presented to it.

La. C.C.P. art. 1972 provides, in pertinent part, "A new trial shall be granted, upon contradictory motion of any party, in the following cases: (1) When the verdict or judgment appears clearly contrary to the law and the evidence." "A new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law." La. C.C.P. art. 1973. The standard of review for the denial of a motion for new trial is abuse of discretion. *Riley v. Hollander*, 19-520 (La. App. 5 Cir. 5/28/20), 296 So.3d 1248. 1258, *writ denied*, 20-833 (La. 10/14/20), 302 So.3d 1123.

Here, the trial court considered two arguments in its determination of whether to grant LMB's motion for new trial: 1) whether the Parish had the burden of proving LMB was not entitled to the writ of mandamus or the preliminary and permanent injunctions; and 2) whether the trial court's refusal to permit additional testimony from witnesses or, alternatively, to re-open the case for the admission of additional evidence constituted a miscarriage of justice. The trial court orally found that the filing of the petition for a writ of mandamus and/or a permanent injunction was not solely sufficient to meet a *prima facie* burden of proof that would force a defendant to bear the burden of proof at the hearing on a rule to show cause. The court then found that LMB failed to present a *prima facie* case. The court further found that allowing LMB to call additional or rebuttal witnesses would have been improper after the Parish's oral motion for involuntary dismissal, given the fact that there were no defense witnesses to rebut, and the proffered exhibits could have been introduced during Mr. Badalamenti's direct examination. In our review of this matter, we will focus on whether the trial court properly denied the motion for new trial on the basis that the reopening of the evidence after the filing of the motion for involuntary dismissal would have been improper.

At the rule to show cause hearing for the writ of mandamus and the

preliminary and permanent injunctions, there was a discussion between the court and the parties as to whether LMB rested the presentation of it case. Counsel for LMB, John I. Hulse, IV, presented one witness, Mr. Baladamenti, for direct examination. Following Mr. Baladamenti's testimony, the trial court instructed Mr. Hulse to call his next witness. Mr. Hulse replied, "I don't have any further witnesses at this time. I'll cross-examine [the Parish's witnesses], if they produce witnesses, Your Honor." Immediately afterward, the Parish orally moved its motion for involuntary dismissal, arguing LMB failed to present any evidence that Omega was not the lowest responsive and responsible bidder. Mr. Hulse then argued that the documents attached to LMB's verified petition showed the court that the Omega bid bond did not comply with the Louisiana Public Bid Statute, and those documents could have been considered because they were evidence in the record. In response, the Parish again argued that no evidence had been introduced by LMB that indicated Omega failed to provide a low, responsible, and responsive bid for the Project.

Subsequently, Mr. Hulse argued that he had not rested the case for LMB. The following exchange occurred between Mr. Hulse and the trial judge, in pertinent part:

MR. HULSE:

> I have no more witnesses to call, but I can call a rebuttal witness, if I need to. And I can put evidence in, Your Honor.

THE COURT:

> You can't call a rebuttal witness if the defense doesn't call one. And at this time, the defense has not called one.

MR. HULSE:

> So the Court is not going to allow me to use the exhibits which

are attached to the petition?

THE COURT:

No, I am not. I'm confused as to why you think that would be admissible on this rule today without presenting the documents in court today as to this hearing, subject to admissibility. Every document you attach to a petition is not admissible. At trial, that's why we have documents admitted into the record, subject to cross. Subject to the rules of evidence.

Simply because you attach it to a petition does not mean it's admissible at trial.

\*\*\*

THE COURT:

And what evidence did you present today, Counsel, that suggests that Omega did not have a viable bid?

MR. HULSE:

Well, the Omega bid is part of the documents which are attached. And I would ask to offer, introduce, and file into evidence the Omega bid, which is attached to the petition.

THE COURT:

I'm not going to allow that at this time, Counsel. You have rested.

MR. HULSE:

I have not rested, Judge. I never stated that I rested. And I will call a witness from Omega.

THE COURT:

Counsel, you did rest. You said you had no further witnesses,

subject to cross-examination.  That is resting.

MR. HULSE:

And I will now call a witness.

THE COURT:

Counsel, no.

The trial court then orally granted the Parish's motion for involuntary dismissal.

According to La. C.C.P. art. 1672(B),

In an action tried by the court without a jury, ***after the plaintiff has completed the presentation of his evidence***, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief.  The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.
(Emphasis added).

During a bench trial, after the plaintiff has completed the presentation of his evidence, the appropriate standard in determining whether an involuntary dismissal should be granted is whether the plaintiff has presented sufficient evidence in his case-in-chief to establish his claim by a preponderance of the evidence.  *Hagood v. Sinnott*, 23-168 (La. App. 5 Cir. 11/29/23), 377 So.3d 893, 896, citing *Christiano v. S. Scrap Recycling*, 13-595 (La. App 5 Cir. 12/27/13), 131 So.3d 1059, 1063. The trial court has much discretion in determining whether to grant a motion for the involuntary dismissal of an action.  *Id*.  However, in order to prevent the miscarriage of justice, the trial court should not hesitate to reopen a case for the taking of additional evidence, and an appellate court should not hesitate to set aside the trial court's ruling on such matters in the case of a manifest abuse of discretion. *Kim v. Kim*, 07-318 (La. App. 5 Cir. 10/30/07), 970 So.2d 1158, 1164, citing *Anderson v. Anderson*, 98-675 (La. App. 5 Cir. 3/10/99), 732 So.2d 537, 540.

In the instant matter, LMB failed to introduce the documents attached to its petition into evidence at the rule to show cause hearing.  As such, the trial court

was correct in finding that those documents were not considered evidence at that time. *See*, *Tucker v. Seaside Behavioral Center, LLC*, 23-132 (La. App. 5 Cir. 12/27/23), 378 So.3d 879, 885, quoting *Denoux v. Vessel Management Services, Inc.*, 07-2143 (La. 5/21/08), 983 So.2d 84, 88, where this Court held, "[E]vidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record." However, LMB immediately attempted to introduce those documents and additional witness testimony into evidence, and the trial court refused their admission.

In a similar case, *Kim*, *supra*, the plaintiff rested his case without introducing any of the evidence referred to during direct examination. The defendant then moved for a directed verdict on the grounds that no evidence had been submitted into the record. The plaintiff's attorney apologized and asked the trial judge to admit his exhibits into evidence. The request was denied. In his reasons for judgment, the trial judge stated that he declined to exercise his discretion in controlling the presentation of evidence in order to allow the plaintiff to offer his exhibits into evidence because the exhibits were not offered until after the plaintiff rested and the defendant had moved for a directed verdict. The plaintiff appealed.

On appeal, this Court found that, in the interest of justice, the trial judge abused his discretion in refusing to allow the plaintiff to introduce evidence into the record after he rested his case. *Id*. at 1164. The panel reasoned that, although the normal order of trial indicated the plaintiff should have moved to introduce his exhibits into evidence prior to resting his case, the record reflected that he moved to introduce them shortly thereafter. This Court vacated the ruling granting the involuntary dismissal of the plaintiff's case and remanded the matter for the trial judge to allow the plaintiff to introduce his exhibits. *Id*.

After reviewing the record before us and considering the holding in *Kim*, *supra*, we find that the trial court abused its discretion in refusing to allow LMB to

introduce the documents attached to its petition into the record after it rested its case. The trial court was aware of the documents sought to be introduced and the relevancy of those documents to a motion for involuntary dismissal determination. In order to prevent a miscarriage of justice in this particular case, we find that the trial court should have reopened the case for the taking of additional evidence. Consequently, we further find that the trial court abused its discretion in denying LMB's motion for new trial. Accordingly, we reverse the trial court's ruling that refused to allow LMB to introduce its exhibits into evidence or to call additional witnesses already present at court, and we vacate the trial court's ruling that granted the involuntary dismissal of LMB's petitions for preliminary and permanent injunction and alternative writ of mandamus. We remand the matter to the trial court for the opportunity for LMB to introduce additional evidence at the rule to show cause hearing. Thereafter, the Parish may again move for an involuntary dismissal, if it so chooses. Because we find that the trial court erroneously refused the introduction of evidence before granting the motion for involuntary dismissal and vacate the judgment on that basis, we express no opinion on LMB's remaining assignments of error.

## DECREE

For the foregoing reasons, we vacate the trial court's October 12, 2023 judgment that granted the Parish's motion for involuntary dismissal, dismissed LMB's petition for preliminary injunction and alternative writ of mandamus with prejudice, and vacated the September 1, 2023 temporary restraining order. The matter is remanded to the trial court for further proceedings. The Parish is assessed the costs of this appeal.

**JUDGMENT VACATED;
REMANDED FOR FURTHER PROCEEDINGS**

LMB SERVICES, LLC                                  NO. 24-CA-46

VERSUS                                            FIFTH CIRCUIT

PARISH OF ST. CHARLES                             COURT OF APPEAL

                                                  STATE OF LOUISIANA


**GRAVOIS, J., DISSENTS WITH REASONS**

        For the following reasons, I respectfully dissent from the majority's

opinion and decision to vacate the trial court's judgment that granted the Parish

of St. Charles's motion for involuntary dismissal and dismissed LMB Services,

LLC's petition for preliminary injunction and alternative writ of mandamus with

prejudice, after finding that the trial court abused its discretion in refusing to

allow LMB to introduce documents attached to its petition into the record after it

clearly had rested its case. The majority finds that in order to prevent a

miscarriage of justice, the trial court should have reopened the case for the

taking of additional evidence, and thus abused its discretion in denying LMB's

motion for new trial.

        According to the transcript of the hearing in question, after LMB's

counsel presented testimony from LMB's witness—the only witness called to

testify—and introduced certain exhibits (many of which were not admitted as a

result of meritorious objections made by the Parish), the trial judge specifically

asked counsel for LMB to call his next witness, to which counsel replied, "I

don't have any further witnesses at this time. I'll cross-examine the Plaintiff's

[witnesses], *if* they produce witnesses, Your Honor" (emphasis added), to which

the court replied, "All right." Immediately thereafter, in defense of the case,

counsel for the Parish orally moved for an involuntary dismissal of LMB's case,

arguing that LMB had not produced any evidence whatsoever that the opposing

bid by Omega Foundation Services (the apparent low bidder) was not the lowest responsive and responsible bid. After argument on the motion, including LMB's counsel's request to reopen the case for additional witnesses and evidence, the trial court found that LMB had rested its case and granted the motion for involuntary dismissal, concluding that LMB had not met its burden of proof in its case-in-chief to allow the case to go on, and accordingly dismissed the case. In my opinion, under the particular facts and circumstances presented, the trial court properly granted the motion for involuntary dismissal of the case, in accordance with La. C.C.P. art. 1672(B), because after LMB completed the presentation of its evidence and rested its case, it was clear that LMB had not shown that it was entitled to the relief requested. I would find no abuse of discretion in the trial court's rulings which granted the motion for involuntary dismissal and which denied LMB's motion for new trial, and affirm the trial court's rulings.

In my opinion, respectfully, the majority's reliance on this Court's opinion in *Kim v. Kim*, 07-318 (La. App. 5 Cir. 10/30/07), 970 So.2d 1158, is misplaced. In my opinion, *Kim* is distinguishable from the present case. It is clear that in *Kim*, the exhibits in question "had been previously referred to during presentation of the plaintiff's case," *Id.* at 1164, and were simply inadvertently not offered and admitted into evidence before the plaintiff rested. We simply don't have that situation here. In his testimony, LMB's witness did not discuss Omega's bid and Omega's bid documents were not brought up during the testimony, nor presented to the witness for review. In my opinion, LMB had every opportunity to properly and completely present its case during its case-in-chief, but simply failed to do so.

Accordingly, I respectfully dissent.

LMB SERVICES, LLC                           NO. 24-CA-46

VERSUS                                       FIFTH CIRCUIT

PARISH OF ST. CHARLES                        COURT OF APPEAL

                                             STATE OF LOUISIANA


**SCHLEGEL, J., DISSENTS FOR THE REASONS ASSIGNED BY GRAVOIS, J.**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **NOVEMBER 27, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 24-CA-46

**E-NOTIFIED**
29TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE CONNIE M. AUCOIN (DISTRICT JUDGE)
JOHN I. HULSE, IV (APPELLANT)        COREY M. OUBRE (APPELLEE)        ROBERT L. RAYMOND (APPELLEE)

**MAILED**
ALEXANDER J. BREWSTER (APPELLANT)
ATTORNEY AT LAW
1100 POYDRAS STREET
SUITE 3600
NEW ORLEANS, LA 70163